## STATE OF IOWA;

### DES MOINES, JUNE TERM, A. D. 1869.

IN THE TWENTY-THIRD YEAR OF THE STATE.

---

PRESENT:

Hon. JOHN F. DILLON, Chief Justice.
" CHESTER C. COLE,
" GEORGE G. WRIGHT, } Judges.
" JOSEPH M. BECK.

---

### WITTER v. FISHER.

1. Judgment: REPLEVIN. Where a person intervenes in an action of replevin against an officer, and under sections 2930, 2932 of the Revision, becomes the substantial defendant, the judgment therein designating the rights of the parties is conclusive upon all of the parties, as well between the plaintiff and the intervenor as between plaintiff and the original defendant.

2. —— Nor would that part of the judgment be void that, after announcing that plaintiff was entitled to the right of possession, also declared the nature and extent of that right.

Vol. XXVII. — 2

*Appeal from Powesheik District Court.*

SATURDAY, APRIL 10.

ONE George Jones was charged with a criminal offense. He resisted the officer seeking to arrest him, and during such resistance shot and very seriously wounded the plaintiff in this suit, Albert Witter, and another. He was arrested, and the officer found upon his person and took from him, a certificate of deposit in a bank at Springfield, Illinois, for twelve hundred dollars, payable to his order, and a United States interest bearing treasury note for fifty dollars. Shortly after his arrest he employed the defendant, an attorney at law, to defend him; and on the evening of the same day made an assignment of the certificate of deposit and treasury note to this defendant, and embodied therein an order to the officer to deliver the same to him. The officer refused to deliver them upon the order.

Afterward, Witter sued Jones and recovered a judgment for ten thousand dollars for the damages resulting from the shooting. Execution was issued upon this judgment and levied upon the certificate of deposit and the treasury note aforesaid in the hands of the officer. Thereupon this defendant brought suit in replevin to recover the certificate of deposit and the treasury note, and by virtue of the writ therein they were delivered to this defendant. Before the trial of the action of replevin, the plaintiff herein filed a petition for intervention therein, and was allowed to become defendant and assert his right to the certificate of deposit and treasury note. Upon the trial of this action of replevin the jury returned the following verdict: "We, the jury, find that the plaintiff is entitled to the possession of the property, and that he holds the same as security for one hundred dollars due him from the payee of the certificate." Immediately

following this verdict in the journal entry of the judgment, is the following: "It is therefore considered and adjudged by the court, that the plaintiff is entitled to the possession of the said property in dispute, and that he holds the same as collateral security for a debt due him from the payee of the certificate."

After procuring the certificate of deposit and treasury note, this defendant obtained the money on them, amounting to twelve hundred and fifty dollars, besides a small amount for interest. And after the trial of the replevin action, this plaintiff procured from Jones an order on this defendant to pay over to plaintiff the amount collected on the certificate of deposit and treasury note, less the one hundred dollars due the said defendant out of the proceeds thereof. This order was presented to defendant and the money demanded thereon, which was refused. Thereupon this action was brought. The plaintiff claims, in his petition, to recover the proceeds of said certificate and treasury note, by virtue of his judgment, execution and levy, and also under the order given him by Jones. The defendant, in his answer, denies the right of plaintiff and asserts absolute ownership of the proceeds to be in himself.

The cause was tried to the court without a jury, and resulted in a judgment for the plaintiff for the amount of the certificate of deposit and treasury note, less one hundred dollars due defendant for his services as attorney for Jones, and fifty dollars for his services in procuring the money on them. From this judgment the defendant appeals.

*Z. T. Fisher pro. se.*

*J. A. L. Crookham* and *M. E. Cutts* for the appellee.

COLE, J. — The appellant assigns twenty-nine errors in the proceedings of the District Court from which he

appeals. As the entire merits of the controversy are disposed of by the determination of one material question made in the record, it becomes unnecessary to review *seriatim* all the errors assigned.

The plaintiff filed his petition containing three distinct counts, and afterward filed an " amendment to the petition." The defendant filed his affidavit that the three counts were for but one cause of action, and thereon based a motion (under Revision, section 2934), to require the plaintiff to elect upon which count he would proceed to trial and to strike out the others. This motion was sustained by the court, and the plaintiff elected to treat the amendment as part of the first count, and to proceed to trial upon such count as amended, which the court allowed. Upon this action of the court the defendant assigns error. There was no error in allowing the plaintiff thus to elect. The objection is founded upon a misapprehension of the pleading, and in treating it as an " amended petition," instead of what it professes and purports to be, " an amendment to the petition."

The entire proceedings in the replevin suit brought by this defendant against the officer having in his possession the certificate of deposit and treasury note, and in which this plaintiff was allowed to intervene and become defendant, were offered in evidence, and admitted against the objection of the defendant. And this is assigned as error. It will be remembered (as shown by the statement of facts preceding this opinion) that this plaintiff was allowed to intervene, pursuant to Revision, sections 2930, 2932, and become the substantial defendant in the replevin action as contemplated by Revision, section 3561. This plaintiff was the real owner of whatever right or interest in the property replevied, was represented by the officer who was the original defendant in the replevin action. By his proceedings

JUDGMENT: replevin.

of intervention he became substituted for the original defendant, and, therefore, a party to the action. Being a party to the action, and the sole defendant in interest, there cannot be, upon general principles, any doubt as to the admissibility of the record and proceedings in evidence in this case, which is a suit between the same parties, both in name and in interest, as well as in relation to the same property.

And, from this, follows the next proposition in order, and which fully determines the rights of this defendant, and that is, that the judgment in the action of replevin, wherein this defendant was plaintiff, and this plaintiff was, by intervention, defendant, is conclusive upon the questions adjudicated by it. In the action of replevin, the jury found that this defendant's interest in the certificate of deposit and treasury note was to hold the same as security for one hundred dollars due him from the payee of the certificate; and the court adjudged that he hold the same as collateral security for the debt, etc. While the judgment following the verdict does not, in terms, repeat or specify the amount of the debt, yet the whole judgment entry taken together leaves that matter very clear, almost without any shadow of a doubt. The judgment adjudicates and confirms the facts found by the verdict and the rights of the parties thereon.

But it is objected that the verdict and judgment go further and affect to determine more than under the statute was rightful or proper; and that to the extent of such excess, they are null and void. By our statute (Rev. § 3562), "the judgment shall determine which party is entitled to the possession of the property and shall designate his right therein, and if such party have not the possession thereof, shall also determine the value of the right of such party. * * *."

It is urged in this case that since the plaintiff in that action had the possession at the time of trial of the property replevied, that the jury had no jurisdiction to do more than find which party was entitled to the possession, and that all of the verdict and judgment beyond that is void. To this there are two sufficient answers. *First*, "The jury do not find, nor does the court determine the *value* of the plaintiff's right to the property; but they simply *designate his right* therein," viz.: the right to hold the property as collateral security for one hundred dollars. *Second*, "If the jury had found and the court adjudged the value of the plaintiff's right, it would, at most, have been an irregularity which might be corrected on appeal; but it would not be void, so as to be treated as a nullity when collaterally presented, as in this case." The judgment, therefore, in replevin, settled as between these parties, their rights as to the property in controversy. The defendant herein cannot claim, in the face of that judgment, that his right to the certificate of deposit and treasury note was absolute. Any such finding would be necessarily erroneous.

Inasmuch as the judgment of the District Court upon this evidence of former adjudication must have been for plaintiff, it becomes wholly unnecessary for us to inquire whether, upon the evidence aside from it, the plaintiff would have been entitled to more than one hundred dollars for his legal services to Jones, or whether there was proper evidence excluded or improper evidence admitted, or as to any other of the questions made by appellant.

Affirmed.