E. C. STEWART, Defendant in Error, *v.* THOMAS, ADM'R OF BALL, *et al.*, Plaintiffs in Error.

1. *Sheriff — Bond, liability on — Section 30, chapter 63, R. C. 1855.* — The obligor in a bond of indemnity given under section 30, ch. 63, R. C. 1855, is liable thereon to the sheriff as well as to persons claiming the property.

2. *Sheriff — Execution — Indemnity bond, suit on, by sheriff — Notice to plaintiff in execution.* — Where judgment is rendered against a sheriff on his bond, for an unlawful levy, and he afterward sues plaintiff in the execution on his bond of indemnity (R. C. 1855, ch. 63, § 30), the latter may make any defense which could have been made in the original suit against the sheriff. Notice, with opportunity of making the defense, should have been given the plaintiff in the execution at the time of the first suit. Otherwise, the judgment is but *prima facie* evidence of his liability on the bond.

*Error to Sixth District Court.*

*D. P. Dyer*, for plaintiffs in error.

*Alexander & Lewis*, for defendant in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiff, who was sheriff of St. Charles county, levied upon certain property at the suit of defendant Thomas, as administrator of Ball's estate, against one T. P. Grantham. The property was claimed by third persons, and upon trial of their right in sheriff's court, the issue was found in their favor, and thereupon the defendants executed a bond of indemnity to the sheriff, and directed him to proceed and sell, which he did. Afterwards, Ashby, as trustee of Mrs. Mary D. Grantham, claims the property, and brings suit upon the bond, in the sheriff's name for his use. That case came to this court, and is reported in 35 Mo. 209. It was there held that no one but the actual claimant, whose right had been tried, could avail himself of the statutory remedy upon the bond in the name of the sheriff, but the court intimated that this claimant had his remedy against the sheriff himself.

Afterwards, Ashby, as trustee, commenced suit against the sheriff, he entering his appearance without process, which is the action now before us, and the sheriff failed to notify the defend-

ants, the makers of the bond, that suit was being prosecuted and they must defend, although he had told one of them that suit was threatened. He also failed to make any defense himself, and judgment was rendered against him by default for the value of the property so sold by him, interest, etc.; which judgment he has satisfied, and now brings this suit to recover back the money.

Upon the trial in the Circuit Court, the jury were instructed, at the instance of the plaintiff, that if he had paid and satisfied a valid judgment against him, and in favor of the claimant, on account of the levy and sale, he was entitled to recover, unless it was shown that the judgment was the result of fraud and collusion between the claimant and plaintiff.

The defendants then asked for ten somewhat voluminous instructions, covering several points unnecessary to be considered, all of which were refused by the court; but among the positions they desired the court to assume were the following: 1st. No one can in any manner avail himself of the bond, except the persons who claimed the property before the bond was given, whose right had been tried by the sheriff's jury, and to meet whose claim it was executed. 2d. If the sheriff, the present plaintiff, had a good defense to the action against him and failed to avail himself of it, he cannot recover upon the bond, unless he notified the makers of the pendency of the action against him, and it is not sufficient that before suit was brought he told them that it was threatened. 3d. The judgment is not conclusive against the defendants, but they make a defense, upon the merits, to the proceedings against the sheriff. These points were embraced in different forms in several of the instructions refused, but the above sufficiently indicates them.

Before proceeding to the principal question, the character of this bond should be considered. The statute as it then stood (R. C. 1855, p. 743), seems to have provided for a two-fold liability: first, a general liability to the sheriff for all damages and costs which he may sustain in consequence of the seizure and sale; and, second, a liability to those claiming the property. In the case in 35 Mo. referred to, the court decided that the latter liability did not exist in favor of any one whose claim had not been presented,

but held nothing in relation to the liability to the sheriff himself. The bond given by these defendants was conditioned according to the statute, and I can see no reason in the claim that its obligation is different from its purport. The court was correct, then, in refusing the instructions covering the first point thus made by defendants.

But in giving the instructions asked by the plaintiff, and refusing those embodying the second and third points made as above by the defendants, the court was clearly wrong. It would be contrary to the first principles of justice to hold a person conclusively bound by a judgment, who was not a party to the proceeding, and who had no opportunity to appear and defend or assist the defense, even if there was no actual fraud—much more so where there was a good defense to the action, and the judgment was taken by default. In such case where there is an obligation to indemnify the person against whom the judgment is rendered, in a suit to enforce such obligation, the defendants should be permitted to make any defense which could have been made to the original suit. Notice, with opportunity of making defense, should have been given the defendants, otherwise the judgment is but *prima facie* evidence of the defendants' liability upon their bond. (Bridgeport Insurance Co. v. Wilson, 34 N. Y. 275; Lewis v. Knox, 2 Bibb, 453; State v. Colerick, 3 Ohio, 487; State v. Jennings, 14 Ohio St. 73; State v. Compton, 3 Barn. & Ald. 407.) The defendants' general liability on this bond to indemnify the plaintiff against all damages, etc., is to be distinguished from a liability to pay a judgment in, or do something dependent upon, the result of a specific litigation.

The judgment is reversed and the cause remanded. The other judges concur.