## JOHNSON COUNTY v. LOWE *et al., Appellants.*

1. **Contract:** ACCEPTANCE, NO WAIVER WITHOUT KNOWLEDGE. Mere acceptance of, and payment for a bridge built under contract, does not waive any defect in the work, of which the acceptor is at the time ignorant. There must be both knowledge and acquiescence to constitute waiver; and it devolves upon the contractor to show such knowledge.

2. **Parol Evidence:** COUNTY COURT RECORDS. In an action on a bond given by a contractor for the construction of a county bridge, parol evidence of a conversation between the contractor and the justices of the county court is admissible for the purpose of showing that an order of record for the issuing of a warrant in payment for the bridge was not intended as a waiver of the county's right to enforce the bond in case defects should afterward appear in the bridge. The rule that the county court can speak only by its record, does not apply to such a case.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*G. N. Elliott* and *Land & Sparks* for appellants.

*W. H. Brinker* and *W. W. Wood* for respondent.

Hough, J.—The defendant, Lowe, contracted with the county of Johnson to build a bridge across South Blackwater, in said county, according to certain plans and specifications furnished by the county, and, together with his co-defendants herein, executed a bond to said county to secure the performance of said contract. The county instituted the present suit upon said bond for an alleged failure on the part of said Lowe to construct said bridge according to contract. The defendants averred in their answer that said bridge was in all respects constructed in the manner and within the time provided by the contract; that it was inspected by a special bridge commissioner of the county, appointed by the county court for that purpose, who reported that it conformed to the contract, and that the county court of said county thereupon received said bridge and paid for the same. The defendants further averred that the plans and specifications provided for the defendant Lowe, were faulty and imperfect, and whatever defects might be found in said bridge, were the result of the defective plans, in conformity to which it was constructed. These allegations were denied in the reply.

The plaintiff introduced evidence tending to sustain the breaches complained of. It appeared from the testimony offered by the defendants, that the county court appointed J. E. Rankin to examine and receive the bridge from the contractor; that he reported to the court that the defendant Lowe had complied with his contract, and that the court then paid Mr. Lowe the contract price. No evidence was offered of any defect in the plans. At the time the warrant was issued the floor had not been completed, nor had the props been knocked from under the bridge. When Rankin made his report, and before the court ordered a warrant to be issued, a conversation occurred be-

tween Mr. Lowe, the contractor, and the judges of the county court, which was introduced in evidence by the plaintiff for the purpose of showing that the court did not, by receiving the bridge and paying therefor, waive any right of action which the county might have on his bond. It appears from this conversation, that the judges were reluctant to issue the warrant, before the bridge was entirely completed, and that Mr. Lowe stated, in response to an inquiry from the judges, that if the bridge was not all right when it was let down, he would make it good; that his bond made it safe. This testimony was objected to by the defendants. There was a verdict and judgment for the plaintiff.

It is unnecessary to examine the instructions or the testimony in detail. The acceptance of the bridge and the payment therefor by the county court, considered by themselves, and without reference to Mr. Lowe's statement to the court, did not amount to a waiver by the county, of any defects in the bridge of which its agents were ignorant at the time of such acceptance and payment. There must be both knowledge and acquiescence, to constitue a waiver of defects in such a case as this. *Haysler v. Owen,* 61 Mo. 270, 274; and it devolved upon the defendants to show that the judges of the county court, or Rankin, the special commissioner, had knowledge of the defects now complained of, when they accepted the bridge and paid for the same. Of this there is no evidence, and indeed it is not averred in the answer.

In this view of the case the conversation between Mr. Lowe and the judges becomes unimportant, though we think there can be no question but that anything Mr. Lowe said or did to induce the court to pay him before the bridge was ready for use, was admissible in evidence against him. The verdict of the jury is that the bridge was not constructed according to contract, and there being neither plea nor proof of facts sufficient to constitute a waiver of defects, on the part of the county, we are all of

opinion that the judgment of the circuit court should be affirmed.