STATE EX REL. JOHN REEVES, Respondent, v. THOMAS J. BARKER, Appellant.

Kansas City Court of Appeals, May 23, 1887.

1  INTERPLEADER—PROCEEDING OF IN ATTACHMENT—ITS NATURE AND PURPOSE.—The proceeding of interpleader in the action of attachment is somewhat *sui generis*. It is solely the creature of the statute. It is in the nature of an action of *replevin* ingrafted on a suit by attachment. Its very office and *purpose* is to determine the question of *ownership* of the specific chattel, and the right of the sheriff to seize and hold it under his writ. It is so much a *substitution* for the action of replevin, that after its judicial determination the interpleader can not resort to the action of replevin for the same property, and it must stand, in contemplation of law, as if it were lodged directly against the sheriff by name.

2.  ———   ———   PARTIES—WHO ARE BOUND BY ADJUDICATION.—In such a case, a suit by attachment and interpleader, the sheriff represents the *plaintiff* in attachment in holding the property as legal custodian. The *interpleader* becomes substituted for the original *defendant*, and, therefore, a party to the action. Of consequence the officer *who stands as if the action of replevin were against him*, must be bound by the adjudication.

3.  JUDGMENTS—WHO AFFECTED BY—RESULTS OF SUIT.—A person, not a party to the record, for whose real benefit an action is prosecuted, or who hires counsel, and testifies in the case, and directs the course of trial, or otherwise concerns himself in the matter, may

be *as much bound* by the result of the suit as if he were *named as a party;* although he may not be in a situation to take an appeal. *Ellison, J., dissents.*

APPEAL from Harrison Circuit Court, HON. CHAS. H. S. GOODMAN, Judge.

*Affirmed.*

CRITTENDEN, MCDOUGAL & STILES, with SKINNER & WINSLOW, for the appellants.

I.  By his conduct in *disclaiming the ownership of* the goods at the time of the levy, the sheriff was induced to proceed and the relator was *estopped from claiming them afterwards. Garnhart v. Finney,* 40 Mo. 449, 462-3, and cases cited ; *Dezell v. Odell,* 3 Hill (N. Y.) 215, 218, 219 ; Bigelow on Estoppel [3 Ed.] 481, 482, and cases cited, notes..

II.  The court below erred in *refusing competent testimony* to prove that the relator *had no interest in the goods* at the time of the levy.  That was the precise question in issue.  *Burgert v. Borchert,* 59 Mo. 80, 86, 87.

III.  As these defendants *were not parties* to the original attachment suit, nor to the interplea filed by relator, they were *not bound by the judgment rendered in either. Stewart v. Thomas,* 45 Mo. 42, 44, and cases cited ; *State ex rel. Aiken v. Mills,* 27 Wis. 403.

IV.  The sheriff (Barker) was out of office, and had turned the writ and the goods *over to his successor* before the sale of the goods and prior to the filing of relator's interplea.  These *defendants had no notice of the interplea,* and the court erred in holding that the judgment thereon was *conclusive against them. George v. Middough,* 62 Mo. 549, 551 ; *Stewart v. Thomas,* 45 Mo. 42, 44.

V.  As they were *neither parties nor privies* to that proceeding, they could not be either estopped or concluded by the judgment thereon.  *Henry v. Woods,* 77 Mo. 277 ; *McDonald v. Matney,* 87 Mo. 358.

KARNES & KRAUTHOFF, with WILSON & SALLEE, for the respondent.

I. Although the relator interpleaded for the attached property and accepted its proceeds under the judgment of the court awarding them to him, this did not bar an action on the sheriff's bond to recover the *balance* of the value of the goods. *Clark v. Bratt*, 71 Mo. 473; Drake on Attachments [5 Ed.] sect. 196; *State ex rel. Mastin v. McBride*, 81 Mo. 349; *Trieber v. Blocher*, 10 Md. 14. All the instructions asked by the defendant were based *upon a contrary theory*, and were, therefore, properly refused.

II. This narrows the case to the consideration whether error was committed in the *admission and exclusion of evidence* by the court. None of the *objections* offered by the plaintiff need be considered, *the grounds thereof not being stated*. Indeed, the appellants urge only one point, and that is the exclusion of the evidence offered by them, to the effect that when the deputy sheriff levied on the property, the plaintiff stated that he did not own the goods, and that the plaintiff did not acquire the title to the attached property until after the levy had been made. The record states that the court excluded this, on the ground that the finding and judgment upon the relator's interplea in the attachment suit was binding upon these defendants. The correctness of this ruling is the matter which the appellants make the subject of their brief. It will be observed that the evidence offered did not go to show that the plaintiff had no right to maintain this suit, and much less, that the defendant, Barker, as sheriff, was innocent of the trespass charged against him. The attachment writ in his hands was directed against the property of Hulen, and, of course, *did not authorize a levy upon the property of any one else*. Such a levy was a trespass, and the *defendant made the same at his peril*. *State v. Fitzpatrick*, 64 Mo. 85; *State ex rel. O' Brien v. Koontz*, 83 Mo. 323; *State ex rel. Robertson v. Hope*, 88 Mo. 430.

III. The plaintiff was entitled to recover, in the absence of a showing, that the *defendant had process* in his hands *authorizing him to seize the property in question.* No such showing was made, or offered to be made, and the plaintiff was entitled to recover, whether he owned the property at the time it was levied upon, or subsequently acquired title to the same, or even if he became the assignee of the right of action which accrued from the sheriff's wrongful seizure. *Snyder v. Railroad,* 86 Mo. 613 ; *Buck v. Colbath,* 3 Wall. 334, 344.

IV. The statements and admissions of the relator alleged to have been made at the time of the levy of the writ of attachment, *were insufficient to constitute an estoppel.* There was no offer to prove the essential fact that the *officer acted on the statements,* or was *caused to change his condition* or intended action by reason of them. *Monks v. Belden,* 80 Mo. 639, 642, and cases cited ; *Robinson v. Hawkins,* 38 Vt. 693, 696 ; *Wallace v. Truesdale,* 6 Pick. 455.

V. An *interplea* in an *attachment suit* is neither *summary,* for a regular trial is had upon the issues made by it, nor *in personam,* because it draws in question the title and *status* of the property which is *before the. court and in the custody* of the law. It is evidently *for this reason* that our supreme court rules that a verdict on an interplea in an attachment suit *must be for the attached property,* and not a money *verdict for its value. Mills v. Thompson,* 61 Mo. 415 ; *Hewson v. Tootle,* 72 Mo: 632, 637.

PHILIPS, P. J.—This is an action against the sheriff of Harrison county, Thomas J. Barker, and the sureties on his official bond, to recover damages for the alleged wrongful levy of a writ of attachment on the property of plaintiff.

In the attachment suit the plaintiff interpleaded, and on the trial of the issues therein, the plaintiff prevailed. After this the plaintiff brought this action to

recover the damages consequent upon the wrongful taking and detention of his property. At the trial the defendant sought to prove that the plaintiff was not the owner of the property, in fact. This evidence was excluded, on the ground that the defendant was concluded by the recovery of the plaintiff in said action of interplea.

Plaintiff had judgment, to reverse which this appeal is prosecuted. The only question, therefore, for our determination is as to the correctness of the ruling of the circuit court.

I am of opinion that the judgment on the interpleader in the attachment suit is, in this action, conclusive, as to the plaintiff's ownership of the property in question. The proceeding of interpleader, in the action of attachment, is somewhat *sui generis*. It is solely the creature of the statute. It is defined by our supreme court (in *Burgert v. Borchert*, 59 Mo. 80), to be in the nature of an action of replevin, ingrafted on a suit by attachment. Its very office and purpose are to determine the question of ownership of the specific chattel, and the right of the sheriff to seize and hold it under his writ. It is so much a substitution for the action of replevin, that, after its judicial determination, the interpleader cannot resort to the action of replevin for the same property. Being thus a substitution for the action of replevin, it must stand, in contemplation of law, as if it were lodged directly against the sheriff by name.

The sheriff represents the plaintiff in the attachment suit in holding the property as the legal custodian. *Whitter v. Fisher*, 27 Iowa, 12.

The interpleader "became substituted for the original defendant, and, therefore, a party to the action." *Whitter v. Fisher*, 27 Iowa, 12. Of consequence, the officer. who stands as if the action of replevin were against him must be bound by the adjudication. It is no answer to this to say that the sheriff is not, *eo nomine*, a party to the record, without the power to call

witnesses and take an appeal. General rules must cease
to operate where the reason on which they stand no
longer exists. They must yield to substance, and the
spirit of the law. A person, not a party to the record,
for whose real benefit an action is prosecuted, or who
hires counsel, and testifies in the case, and directs the
course of trial, or otherwise concerns himself in the
matter, may be as much bound by the result of the suit
as if he were named as a party, although he may not be
in a situation to take an appeal. *Landis v. Hamilton*,
77 Mo. 555; *Conger v. Chilcote*, 42 Iowa, 18.

Take the case of a judgment in favor of the inter-
pleader. The judgment is, that the property is his, and
that he recover possession of the same. The sheriff is
not a party, by name, to the record. Suppose he should,
when called on by the interpleader for the goods, after
judgment, refuse to surrender them, or not have them
on hand, or the proceeds, would it be any defence to an
action against him and his bondsmen to say that he was
not bound by that judgment? Upon what principle
rests the binding force of that judgment in such case, on
the sheriff, different from the one here presented? It
must rest upon the principle that the sheriff is the min-
isterial officer of the court, and that the property held
by him is *in custodia legis*. It is constructively in the
court. The sheriff is an officer, and a part of the court.
The property is the *res*, the very thing on which the
judgment operates; more peculiarly so in the action
of replevin, for, as held by this court in *Spooner v.
Ross*, (24 Mo. App. 599), the judgment in favor of the
interpleader operates alone upon the property or its pro-
ceeds in the hands of the sheriff. It is for this reason
that the supreme court holds that the verdict on an in-
terplea must be for the attached property, and not a
money verdict for its value. *Mills v. Thompson;* 61
Mo. 415; *Hewson v. Tootle*, 72 Mo. 637.

As is said, in effect, in *Lenoir's Adm'r v. Wilson*
(36 Ala.), the statute gives the owner of property,.

seized under the writ of execution against another, the privilege, by interplea, of arresting the proceedings against his property, until there shall be a judicial ascertainment of the liability of the property to the execution. The plaintiff, at whose instance, and for whose benefit, the sheriff has taken, and holds, the property, must then litigate with the interpleader the question of ownership, before the sheriff can take another step. The court say : "The law says to the plaintiff, he cannot proceed further with his execution against the particular property, until he obtains a judgment of *condemnation*. The object of the suit is to remove the obstacle in the way of the proceeding against the property, and to establish its liability."

Why is it that the interposing of the interplea suspends the right of the sheriff to take another step in the matter, if he is not likewise, finally and forever, concluded by the judgment therein? If, as said by the court (*supra*), it is "a judgment of condemnation," it must bind the property before the court, in the hands of the officer, who is but the legal custodian in and before the court, with the *res*. The judgment in favor of the interpleader prevents the court itself from diverting that property to other direction. It would be a singular curiosity of the law, if that judgment, while binding the court itself, did not likewise forever conclude the ministerial officer of that court, who held the property subject to the result of the trial of the right of property.

Again, it is uniformly held, that if, on the trial of the interplea, the issue be found against the interpleader, this estops him from maintaining an action of trespass against the officer for wrongfully seizing the property. *Abbey v. Searles*, 4 Ohio St. 598; *Bray v. Saaman*, 13 Neb. 518; *Krenchi v. Dehler*, 50 Ill. 177. If the judgment in favor of the interpleader does not conclusively establish his ownership, as against the parties to the attachment suit, and the sheriff who holds the property in court, upon what principle is the sheriff

allowed to plead in bar an adverse finding against the interpleader when sued for the taking? The sheriff was not a party in name to the proceeding in the one case any more than in the other. What becomes of the fundamental rule of the doctrine of estoppel, that a judgment admissible as a bar must estop both parties? As said in *McDonald & Co. v. Gregory* (41 Iowa, 516): "Both litigants must be concluded, or the judgment cannot be set up against either." Greenleaf Evid., sect. 529.

I can neither perceive the logic nor justice of the rule that would permit the sheriff, when sued for taking my goods, to plead in bar an adverse finding by the jury against my claim as an interpleader, and yet would permit the sheriff to ignore a finding if in my favor. The law should admit of no such contradiction and absurdity in administering justice. Equality of right is equality before the law.

There is no hardship in the rule, as contended for by me, on the sheriff. He is presumed to know the law. He knows, when he seizes property under the writ of attachment, that in his hands it is subject to the proceeding by interplea. It is to his interest, and of all concerned, that the rights of property should thus be determined in advance of the sale. He knows that the form of action, thus allowed by the statute, takes the place and performs the office of the action of replevin, which the claimant otherwise might institute against him by name; and that the judgment should conclude him as effectually as if it were rendered in the action of replevin. Having seized the property he must look after his liability as a trespasser and watch such trial in court, where he has brought the property. He cannot change the rights of the owner of the property, nor his legal status once fixed by the seizure, by going out of office voluntarily or otherwise. His successor in office was his deputy, and the very officer who made the levy. He must answer for the act of his deputy in making it.

If this officer be not concluded by the judgment on the interplea, the statute providing for the proceeding would be a practical failure ; and it would be false to say that it is the action of replevin ingrafted upon the proceeding in attachment, because it would not perform the same function, nor be followed by the same legal incidents.

In my opinion the circuit court ruled correctly on this point, and the judgment should be affirmed. It is so ordered. Hall, J., concurs ; Ellison, J., dissents.

ELLISON, J., DISSENTING.—This is a suit against the sheriff of Harrison county and his sureties, upon his official bond, for the recovery of damages on account of the alleged wrongful levy of a writ of attachment upon the goods of the relator. Defendant, Barker, by his separate answer, among other things, stated, " that his term of office, as such sheriff, expired on the seventeenth day of November, 1882, and that, on said seventeenth day of November, 1882, he surrendered to Miles S. Gillidett, his successor in office, who was then the duly elected and qualified sheriff of Harrison county, Missouri, all books, papers and property then in his possession as such sheriff. Wherefore defendant, having fully answered, asks to be discharged with costs of suit." The other defendants, sureties upon the sheriff's bond, also file their separate answer, which is substantially the same as that of the principal. The trial before the court, sitting as a jury, having resulted in a finding and judgment for relator, the defendant appeals.

The attachment writ was sued out in case of *B. F. Hamilton et al. v. Thomas J. Hulen.* The relator filed his interplea for the goods, and, on a trial thereof, recovered them, or rather the money for which they had been sold under an order of court.

In this case the record of the judgment on the interplea, together with the original papers, was received in evidence over defendant's objections. De-

fendant offered to prove that when the deputy sheriff went to make the levy he demanded the keys of relator, and that relator replied he did not have them, that he did not own the goods, that John H. Reeves was the owner and had the keys. Defendant further offered to prove that when the goods were levied upon relator had no interest in them. These offers of testimony were rejected by the court "upon the ground that the finding and judgment upon the interplea was conclusive upon defendant and his sureties."

The opinion in this case is so foreign to what I conceive ought to be said, and reaches a conclusion, as I think, so unjust to an innocent party, that I state my dissent. After all is said in the opinion of the court, and after all that can be said in its support, the fact remains, that a party is held concluded and bound by a proceeding with which he had nothing to do, in fact, and with which he could have had nothing to do, had he desired it ever so anxiously. The fact remains, that a man bound and shackled, unable to raise his hand or voice, in a proceeding with which he has no connection, directly or indirectly, is held to be concluded by the result therein. He took no part in it. He was not asked to participate in it, and would not have been permitted to do so had he so requested. That he would abide the judgment therein as to the disposition of the property is true. But he would do this on an order of the court that he turn it over to the interpleader. So he obeys any order of court. He has the custody of a criminal and disposes of him as the court may order. He sometimes hangs him, but he would little dream that he was liable to be hung himself, under the same judgment.

It was not his right to make defence, examine witnesses, or appeal from the judgment. "It is a most obvious principle of justice, that no man ought to be bound by a proceeding to which he was a stranger. Parties bound by a judgment include all who are directly inter-

ested in the subject matter, and had a right to make defence, or to control the proceedings, and to appeal from the judgment. This right involves, also, the right to adduce testimony, and to cross-examine witnesses on the other side. *Persons not having these rights are regarded as strangers to the cause.*" *McDonald v. Matney,* 82 Mo. 358, 363. This is the rule recognized and asserted by Greenleaf's Evidence, sections 352, 523. The usual statement is, that parties and privies are bound by the judgment. Privies by the common law are classified as "Privies in law, as lords by escheat, tenant by curtesy, tenant in dower, executor, or administrator, the incumbent of a benefice, and all others that come in by the act of the law, privies in blood, as heirs and co-parceners, privies in estate, as where there is a mutual or successive relationship to rights of property not occasioned by dissent or act of law." Freeman on Judgments, sect. 162. It is evident that the sheriff occupied neither of these relations to the interpleader in this case. He was not a privy in law, for there was no duty, by operation of law, connecting him with the case, nor does the law throw upon the office of sheriff the duty to attend to such cases, nor cast upon the office the burden of adverse results in such actions.

That he was not a privy in blood is self-evident. Neither was he a privy in estate, for he has succeeded to no property, estate, or interest therein. Moreover, "it is well understood   *   *   *   that no one is privy to a judgment, whose succession to the rights of property thereby affected occurred previously to the institution of the suit." Freeman on Judgments, sect. 162. Thus, "the assignee of a note is not affected by any litigation in reference to it, beginning after the assignment. No grantee can be bound by any judgment in an action commenced against his grantor subsequent to the grant." Freeman on Judgments, sect. 162.

Whatever right the sheriff had in these goods was

obtained previous to the institution of the interplea, and under the above rule, cannot be affected by such suit.

But it is said that "neither the benefit of judgments on the one side, nor the obligations on the other, are limited exclusively to parties and their privies." Freeman on Judgments, sect. 174. And if the judgment under discussion is to conclude the defendant in this cause, it must be under this rule. Such cases are where a suit is prosecuted, or defended, in the name of another person, as in the case of "trustee and *cestui que trust*, the real party cannot escape the result of a suit conducted by him in the name of another." Freeman on Judgments, sect. 174. But, in this class of cases, the real party in interest would be considered a "party" to the action, under the authorities on that head cited above. My conclusion is, as before stated, that the sheriff had no right to demand permission to take part in the interplea trial. If he had offered to interfere in that trial, he would undoubtedly have been turned away, on the ground that it was no concern of his.

But if we concede, for argument's sake, that he had the right, it should be shown that he had the opportunity to exercise it, by having notice of the existence of the interplea suit. His term of office may have expired before the interplea was filed. Such, indeed, was the fact in this case, and it is so pleaded. In the case of *Stewart v. Thomas* (45 Mo. 42), it was held that, where judgment is rendered against a sheriff on his bond, for an unlawful levy, and he afterwards sued plaintiff in the execution on his bond of indemnity, the latter may make any defence which could have been made in the original suit against the sheriff. That, in the absence of notice, with opportunity of making defence, such judgment was merely *prima facie*, and not conclusive. In order to make the judgment conclusive against the sheriff, conceding he was a party in interest, he must have had not only a right, but have had, also, an opportunity to make defence, or control the proceedings. *Strong v. Ins. Co.*, 62 Mo. 289, 295.

It is no answer to the view I have taken, to say that the goods were in the hands of the sheriff during the pendency of the interplea. They are in his hands for safe keeping, but, in theory of law, they are *in custodia legis*, and are at the disposal of the court. However that may be, in this case the sheriff went out of office before the filing, or the trial of the interplea, and had turned over the property to his successor; there was, therefore, not even this excuse to hold him, concluded by the proceedings.

The result arrived at in the case of *Stevens v. Springer* (23 Mo. App. 375), is not in conflict with the views here expressed. I consider the sections of the statute cited in that case as controlling it. The claimant in that case, having made the statutory claim of the property levied on, the sheriff demanded and received of the plaintiff in the execution and indemnifying bond, conditioned to hold him harmless by reason of the levy; conditioned, in effect, to reimburse him if the property seized should turn out to be a third party's, to whom he should become liable. The sheriff approved that bond and returned it, with the claim, into court; upon which claim a trial was had, as provided by section 2367, Revised Statutes. The whole proceeding is statutory, the bond standing as a full indemnity and reimbursement to the sheriff for any loss occasioned to him by reason of his official action, He being only required when sued by the successful claimant to notify his indemnitors, and offer them opportunity to defend the suit, as was the ruling in *Stewart v. Thomas (supra)*.

The fact that my associates, who are so well qualified to adjudge the right, differ from me, would, ordinarily, shake my confidence somewhat in my own views, but, in a case like this, where an innocent party is deprived of his ordinary legal rights by reason of a proceeding with which he had nothing to do, and over which he was powerless to exercise any control, I deem it proper to protest.