[No. 898.    October 2, 1901.]

JESSE S. GALE and WALTER FARR, partners, under the firm name of GALE & FARR, Appellants, v. RAIMUNDO SALAS, Appellee.

#### SYLLABUS.

1. Where a jury is waived and the cause is tried by the court, the judgment of the court based upon conclusions reached upon a substantial conflict of evidence, will not be disturbed.

Gale & Farr v. Salas.

2. In a civil action wherein sheep are replevied, bills of sale or a certified copy of recorded brand are competent evidence of ownership or right of possession; but any other competent evidence may be introduced to establish the same facts or the identity of the animals.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, A. J.    Affirmed.

STATEMENT OF THE CASE.

This is a civil action in the nature of replevin, and involves the ownership and right of possession of two hundred and seventeen lambs and six yearling wethers. Jury being waived, the cause was tried by the court and judgment was rendered in favor of the appellee for the possession of the property involved, or the value of the property, found to be five hundred and twenty-three ($523) dollars.    From this judgment, the appellants appealed to this court.

There were no written findings of fact by the court below, the same having been waived, but the record show that four witnesses testified on behalf of appellants, and six witnesses testified in favor of the appellee. Appellants' witnesses testified substantially, that Farr and Chadwick purchased some twenty-three hundred sheep and lambs for the appellants about the first of November, 1898.    They were purchased from Victor and Saturnino Lueras, Jesus Sedillo, Marcario Torres and Francisco Gonzales.    The sheep and lambs purchased were marked with tar, some with letter S, some with letter V, and some had a circle on the back.    The several flocks were gathered into one bunch and driven to Lamy Junction from which place they were to be shipped to owners in Colorado.    Upon arrival at Lamy they were counted and found to be 340 short.    The evidence fails to show how, when or where, the missing lambs and wethers left the herd.    Search was immediately made for the missing animals, and about three months thereafter, this suit was brought, and the lambs and wethers

in question were taken from the herd of the appellee. The testimony of appellants' witnesses is to the effect that the lambs and wethers replevied were purchased by Farr and Chadwick and those missed from the herd. They also testify that the tar marks placed on the animals when purchased were changed by daubs of tar being placed over the letters before they were replevied, and some of the witnesses testify to other marks by which some of the animals were identified, but no bills of sale were introduced by appellants on the trial.   On behalf of the appellee, the appellee testified fully to his owner-ship of the lambs and wethers replevied from him, and to the marks and brands upon them.   He testified also that he purchased them from Carlos Baca; that he had been buying lambs on commission from August until October and during that month; that they were deliv-ered to him by his brother, Andres, who was herder for Mr. Baca.

Andres Salas testified that he delivered the animals to the appellee November 23, 1898, for Mr. Carlos Baca; that he received the animals from Mr. Baca from the parties from whom Mr. Baca purchased them and gave receipts for them for Mr. Baca, and wrote the bills of sale given by the parties; he testified also, that the ani-mals replevied were the same he delivered to the ap-pellee.   Carlos Baca testified that he was a merchant and bought the animals from his customers, Severo Martinez, Mateo Martinez, and Gil and Juan Perea; that they offered to sell them to him in August or September, 1898; that he went out, looked at and purchased them and afterwards sold them to the appellee; that he knew the parties from whom he purchased owned them, and had possession of them before he purchased, and that they were honest sheep-raisers.   He also corroborated the testimony of Andres Sales as to the delivery to the appellee, and testi-fied further that the animals were the ones he sold the appellant.   Severo Martinez, Mateo Martinez, Gil

and Juan Perea swear that they sold Baca 250 animals, 239 lambs and eleven wethers, and gave Baca bills of sale for them., Each of them testified positively that he raised the animals sold by him to Baca, and had others left. They testified to the delivery of same to Andres Salas for Baca. They also testified to the tar and other marks on them when sold, and why the tar marks were put on. The witnesses for the defense also explained the tar and ear marks found on the animals, in a manner tending to destroy the appellants' theory that they had been stolen. Bills of sale were identified and offered in evidence; also receipts, and were received by the court over objection of appellants' counsel.

E. V. CHAVEZ for appellant.

There was no ownership shown to be in the defendant, Raimundo Salas, of the sheep in question, for the reason that no bill of sale was introduced or presented in evidence showing that said defendant was owner of said sheep.

Defendant claims that he became the owner of said sheep by purchase, hence he could not show his ownership otherwise than by bill of sale.

> Sec. 75, Complied Laws of New Mexico, 1897.
> This section is made applicable to sheep by sec.
>      166, C. L. 1897.
> 1 Greenleaf on Evidence, sec. 86.

B. S. RODEY for appellee.

There was and is but a single question in the case, and that a simple question of fact; "Were the sheep that were replevied the lost sheep (if they were in fact lost) or were they as claimed by appellee, his property?"

The court alone tried the case, saw the witnesses, heard the evidence, and justly, properly, and unavoidably found for appellee.

Such a finding by the court will not be disturbed.
    Hyde v. Bledsoe, 9 Kan. 273.
    Tarlina v. Trorlicht, 6 N. M. 54.
    Medler v. Opera House, Id. 331.
    Field & Co. v. Romero, 7 N. M. 630.
    Martin de Cordova v. Korte, 7 Id. 678.
What evidence is admissible in replevin when the
complaint is traversed as to right of property and pos-
session.
    Advance Thresher Co. v. Pierce, 74 Mo. App.
        676.
    20 Am. and Eng. Ency. (1 Ed.), p. 1050.
    Rogers v. Arnold, 12 Wend. 30.
    Schulenberger v. Harriman, 21 Wall. 44.

OPINION OF THE COURT.

McFIE, J.—The appellants in this case alleged that
the firm of Gale and Farr were the owners of the animals
replevied, and this allegation was traversed by the
appellee. The issue in the case, therefore, was,
whether or not the appellants were the owners of
the animals in question and thereby entitled to the im-
mediate possession of them. Upon this issue the appel-
lants must have a preponderance of the evidence, before
they would be entitled to recover. The record shows
that the court below found that the appellants did not
have a preponderance of the evidence, and for that rea-
son judgment was rendered for the appellee. There was
a direct conflict of evidence upon the trial as to the
ownership and right of possession of the animals. This
court has repeatedly held, that, where the evidence is
conflicting and there is substantial evidence to sustain
the verdict of a jury in a case where the cause is tried
by a jury, it will not disturb the verdict and decision
of the lower court thereon upon appeal or writ of error
to this court.
    Waldo v. Beckwith, 1 N. M. 97; Achibeque v. Miera,

1 N. M. 160; Beadeau v. Baca, 2 N. M. 194; Territory v. Webb, 2 N. M. 147; Territory v. Maxwell, 2 N. M. 250; Hicks v. Territory, 6 N. M. 596; Trujillo v. Territory, 7 N. M. 43.

Where a jury is waived and the cause is tried before the court, the findings of the court are equivalent to the verdict of a jury, and the rule above stated is equally applicable.

Torlina v. Trorlicht et al., 5 N. M. 148; also 6 N. M. 54, same case; Newcomb v. White, 5 N. M. 435; Perea v. Barela, 6 N. M. 239; Lynch v. Grayson, 7 N. M. 26.

We have examined the evidence disclosed by the record, for the purpose of ascertaining whether or not, there was any substantial evidence in support of the judgment of the court below, and we are of the opinion that there was competent evidence which, if believed, would support the finding and judgment of the court below upon the question of the appellants' ownership, and right of possession of the animals replevied. This court has also held that it is the province of the jury to determine the credibility of the witnesses testifying in a cause, and also the weight to be given their evidence and where a jury is waived and the cause tried by the court, the same rule applies to the court, and that it is not the province or duty of this court to determine the credibiliy of the witnesses nor the weight of evidence where there is a substantial conflict in the evidence and there is evidence to support the finding of the court below.

Obviously, therefore, upon the issues of fact, raised in this case by the pleadings, as to the ownership of and right of possession of the appellants to the animals in question, there being a substantial conflict in the evidence, it was for the court below who saw and heard the witnesses, to judge of the credibility of the witnesses and the weight to be given their testimony. It is to be presumed, that in deciding this case, the court below had due regard for the law, and there being evidence in the record to sustain the finding of the court below, that the

appellants did not have a preponderance of the evidence that they were the owners of the animals in question, the judgment of the court below was a proper judgment, and should be sustained by this court.

Counsel for the appellants assign for error, the action of the court below in receiving in evidence the bills of sale and receipts referred to in the statement of facts, upon the ground that the bills of sale were not acknowledged as required by law. The position of counsel for the appellants is stated by him on the fifth page of his brief in the following language:

"Defendant claims that he became the owner of said sheep by purchase, hence the only way by which he could have shown himself to be the owner of said sheep was by a written bill of sale in his favor as required by the statutes of the Territory of New Mexico."

This contention is not sound. It is true, the giving and receiving of bills of sale by vendors and purchasers of animals, has been provided for in section 75, Compiled Law, 1897, and made applicable to sheep by section 166 of the Compiled Law of 1897, but these provisions of law are not applicable to all cases, and in our opinion they are not applicable to the case now under consideration. Section 75, as shown by its specific subdivisions, is intended to be applied to animals running on open and unenclosed ranges; to stock being sold for shipment, or for slaughter, or to be driven or shipped to market, or distant ranges, but it does not apply to the sale of animals by the actual owner, where the animals are under his own supervision or control. This is indicated by the proviso in that section which is as follows:

"But this provision shall not apply to sales of stock when the persons who sell are selling stock of which they have had actual and personal control and supervision daily for the said period of sixty days next prior to the sale thereof, and are rightfully entitled 'either as principal or agent to sell and dispose of the same."

If the position contended for by counsel for appellants was correct, it would be necessary to give and receive bills of sale in case of the sale or purchase of domestic animals by or from the true owner thereof, and in our opinion the statute did not contemplate this. But the provisions of law as to bills of sale are inapplicable to this case for the further reason, that it is evident the bills of sale offered were not intended to be received as proof of ownership by the appellee, but for the purpose of the identification of the animals. The bills of sale offered in evidence, like the receipts offered, did not purport to be given to the appellee, but were given to Carlos Baca by the original owners of the animals and were no doubt received by the court as competent evidence for the purposes of identification. It was not necessary in this case for the appellee to prove that he was the owner of the animals taken from him by the appellants. It was sufficient for him to produce such evidence as was calculated to destroy the ownership or right of possession in appellants; therefore, it can not be said that the bills of sale were offered for the purpose of establishing the ownership of the appellee in the animals described in them; hence, the fact that they were defective, would not render them incompetent as evidence upon the question of identity. The appellee was only required to produce such evidence as would prevent the appellants from having a preponderance of the evidence, and if he succeeded in doing this, he was entitled to a judgment of the court in his favor. For this purpose he had a right to produce such evidence of facts and circumstances as tended to show ownership or right of possession in himself or in a third person, or which tended to destroy appellants' ownership or right of possession. This case was tried by the court, and it is to be presumed that the court in deciding the case, considered only such evidence as was competent and proper to be considered. Schulenburger v. Harriman, 20 Wallace 44; Richardson v. Ar-

nold, 12 Wend. 30; Advance Thresher Company v. Pierce, 74 Mo. App. 676.

The statement of facts shows, that there was a large amount of oral evidence given upon the trial tending to show the ownership of the animals replevied to be in the appellee; that the animals replevied had never been owned by nor had they ever been in the possession of appellants, or either of the parties from whom the testimony shows the appellants purchased the animals replevied, and such evidence under the circumstances of this case, was competent.

The judgment of the court below may have been based upon this evidence, and, therefore, if the bills of sale had been offered for the purpose of proving ownership in the appellee, it would not amount to reversible error, for the reason, that other competent evidence was offered without objection, tending to establish ownership of the animals in the appellee.   It may be observed in this connection that the appellants claimed the ownership of the animals replevied, by purchase, and yet they did not offer in evidence bill of sale from the persons from whom they purchased.   It would seem from this the counsel for appellants did not regard a bill of sale as essential, and the only means of proving ownership of the purchased animals, else, he certainly would have obtained and produced such bills of sale.   It would appear, therefore, that this assignment of error, that the ownership could only be proved in this way, is not relied upon by him, as it would seem to be inconsistent with the action of counsel in proving ownership of appellants of the animals purchased, by oral testimony and without offering in evidence a bill of sale.

Counsel for appellants further assign as error, that the court improperly permitted appellee to introduce oral evidence as to the ownership of the animals and the ear marks upon them, for the reason that a duly certified copy of his recorded brand and ear marks was the only proper and competent evidence to show ownership. The

views above expressed as to the bill of sale are applicable here. This court has decided that a certified copy of a recorded brand was competent evidence and is one of the ways of establishing ownership to animals, but that it is not by any means the only way by which ownership of animals may be established. The ownership of animals may be established by any competent evidence showing the fact, but in the case of animals running at large upon the range and in large numbers where it might be impossible to establish the identity and ownership of them by other evidence, proof of a recorded brand is sufficient to establish a *prima facie* ownership of all animals bearing such brand. This matter was before this court and was fully considered in the case of Chaves v. Territory, 6 N. M. 455; Prior v. Cattle Company, 6 N. M. 44. The cases above referred to are decisive of this question. There was no attempt in this case to establish the ownership of the appellee by a recorded brand; such oral evidence as was received by the court in regard to the marks found upon the animals, was received for the purpose of identification and was competent evidence, and there was no error in its admission.

A large portion of the brief of counsel for appellants is devoted to an argument in which counsel contends that the circumstances prove the animals which disappeared from appellants' herd, were stolen. The circumstances relied upon to establish this were questions of fact for the consideration of the court below, and which the court doubtless considered in determining where the preponderance of the evidence lay; at all events, it was for the determination of the trial judge, and not for this court, and its conclusion based upon a substantial conflict of evidence, will not be reversed by this court. There being no error in the record, the judgment of the court below will be affirmed with costs.

Mills, C. J., McMillan and Parker, JJ., concur.