[No. 5950.]

BROWN v. THE COLORADO AND WYOMING DEVELOPMENT COMPANY.

1.  Appeals — Finding on Conflicting Evidence — A finding of the trial court upon convincing evidence is conclusive upon appeal.— (295)

2.  New Trial—Neglect—A party who, in an action involving the validity of a lode mining location submits the issues to the judge, without a jury, and, knowing of a condition unfavorable to his contentions, brought about by his adversary, consents that

his Honor may view the premises, not asking delay, or opportunity to change the condition, will not be allowed a new trial on account of such conditions or the alleged misconduct of his adversary.—(296)

*Appeal from Summit District Court* — Hon. Frank W. Owers, Judge.

Messrs. Morrison & DeSoto, for appellant.

Mr. James T. Hogan, and Mr. Mason B. Carpenter, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

This suit was brought by appellee, plaintiff below, The Colorado and Wyoming Development Company, as owner of the Captain lode, in support of adverse proceedings against the appellant Thomas A. Brown, defendant below, as owner of the Wellington No. 2 lode mining claim and applying for a patent therefor. Trial was had to the court by agreement, resulting in a finding and judgment for plaintiff. Defendant brings the case here to review the judgment and the proceedings leading up to it.

The facts were submitted to and determined by the trial court. Its finding was upon conflicting testimony, upon the only point in dispute, namely, whether there was a disclosure of a vein, with mineral in place, in the Wellington No. 2 discovery shaft. The court found against the defendant upon this question, and we are concluded thereby.

It was agreed that the trial judge should make a personal inspection of that discovery shaft. At the conclusion of the testimony, and before such examination was made, one of the attorneys for the defendant made this statement in open court:

"One matter I want to call to the attention of the court, in view of his going up there tomorrow,

which I didn't know. Mr. Brown and some of our witnesses said that after they were up there yesterday and before they were up there this morning, that somebody, I suppose Mr. Evans and those who went up at half past six, dug into what he said was foot-wall, as shown there, has obliterated that and left the rock so there will be some difficulty in seeing that foot-wall. I want to state that to the court.''

The foregoing shows that appellant and his counsel had notice, before an examination thereof by the judge, of the alleged interference with and change of conditions at the discovery shaft of the Wellington No. 2. The appellant personally, and others for him, had inspected this shaft after the alleged interference with it. If he or his attorneys at that time believed, or had reason to believe, that the change in the situation at the shaft was of a character to prejudice the rights of appellant, and upon this point they were fully advised as appears from the statement of counsel, it was their duty, then and there, to make a showing and ask for a continuance, with opportunity to restore the shaft to the condition it was in before interfered with by the opposite party. There was no suggestion to this end, but appellant permitted the trial judge to make the examination, under the conditions then known to exist, and took his judgment thereon and must and ought to be bound thereby. A party with full knowledge of the situation, as here shown, will not be permitted, under such circumstances, to take the finding of the judge, and if unfavorable, have it set aside, and thus secure another chance on the same issue. Beside, the affidavits filed convince us, as they must have the trial court, that the alleged change at the Wellington No. 2 did not in the slightest degree alter conditions there, and could not have done so, to the disadvantage of appellant.

The judgment in this case was entered on the

17th of January, 1905. All matters relating to the attempt by and failure of appellant to get possession of and do work upon the disputed ground occurred subsequent to that date and are absolutely immaterial, and have, and can have, no bearing upon the merits of the case. The judgment is fully warranted and is right in every particular. Nothing intervened at the trial, or in the rendition of judgment, which in any sense can be regarded as prejudicial to appellant. The judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.