Cunningham, Presiding Judge.
Appellant Brown, as plaintiff below, filed his complaint in the district court in support of an adverse proceeding against the appellees. When the case was called, after a considerable parley in which the court, the plaintiff and the attorney for the defendant took-part, plaintiff moved orally that the case be nonsuited. No attempt was made by Brown to withdraw his motion for a. nonsuit, which, before the taking of any testimony, was granted, or, at least, the trial judge entered the nonsuit, to which plaintiff saved an exception. Assuming that under this state of the record the plaintiff has a right to prosecute this appeal, still we may not consider it because of the fatally defective condition of the record. So far as we are able to discover, every rule of this court and every provision of the code pertaining to appellate procedure which are in any manner applicable to these proceedings have been utterly- ignored by appellant, who appears here, as he appeared in the district court, in his own behalf and without other counsel.
Much of the record in this court is made up of affidavits whieh'appellant has filed directly in this court, and which he asks ns to treat as testimony regularly offered on the trial. This, of course, we cannot do. Moreover, *258 it appears clearly from the record that the plaintiff was attempting, in the court below, to relitigate questions that were finally deteirnined against him, as between himself and The Wellington Mines Company, in a former action, in which former trial the plaintiff was represented by able lawyers. See Brown v. Colorado-Wyoming Development Co., 47 Colo., 294, 107 Pac., 258. It may be true that there is additional territory included in the mining claim here involved, but the mining claim involved in the former suit, which was determined adversely to the plaintiff, included the discovery shaft on which the plaintiff must depend in this case for his title.
The record also discloses that the appeal bond in this case has never been approved by the clerk or the presiding judge. The order of the trial court allowing the bond requires that it be approved by the clerk. The appellant seeks to' excuse this defect in his bond upon the theory, apparently, that no other duty rested upon him than to prepare and file the bond with the clerk; that it then became the duty of the clerk to approve the same. This contention cannot be allowed. It is the duty of one who seeks to perfect an appeal from the judgment of a nisi prius court to see to it that his appeal bond is approved and he cannot excuse his neglect in this behalf by pleading the carelessness or oversight of the clerk of the trial court. Without an appeal bond, duly approved, no jurisdiction vests in this court to review the proceedings of the lower court. — State Bank v. Plummer, 46 Colo., 71, 102 Pac., 1082.
There is nothing to indicate that the so-called bill of exceptions, which has been filed in this court, was ever filed in the district court or attested by the seal of said court or otherwise authenticated by the clerk or any other officer connected with that court, hence it cannot be considered by us for any purpose.
*259 There are other fatal defects in the record, to which it is not necessary to direct attention.
For the reasons assigned, the appeal must be dismissed and the judgment of the trial court affirmed.

Judgment affirmed.