State v. Crosby, 23 N. M., 461

[No. 1918.   July 30, 1917.]

## STATE v. CROSBY.

### SYLLABUS BY THE COURT.

1.  In the prosecution for larceny of live stock, testimony as to certain brands on the cattle alleged to have been stolen, and without proof that the brands have been recorded, as required by statute, was admissible to establish the identity of the cattle. :                                    P. 462

2.  Where there is substantial evidence to support a verdict the appellate court will not disturb it.           P. 464

Appeal from District Court, Chaves County; McClure, Judge.

Will Crosby was convicted of the larceny of two head of cattle, and he appeals.   Affirmed.

O. O. Askern, of Roswell, for appellant.   H. S. Bowman, Asst, Atty. Gen., for the State.   .

### STATEMENT OF FACTS.

The appellant, Will Crosby, was indicted in Chaves County for the crime of larceny of two head of cattle, the property of the South Springs Ranch & Cattle Co., was convicted and sentenced to a term in the penitentiary and the payment of a fine.   The facts are that between the 15th of April and the 15th of June, 1914, two cows belonging to the said company and branded "E L" on the left side were rebranded with "Cross H E" on the same side, and a brand on the left jaw being changed from either the number "11" or "13" to the letter "S." The two animals referred to were subsequently killed and that portion of the hide showing the brands destroyed.   Certain testimony on behalf of the state was introduced to the effect that the defendant made a statement that he claimed the "Cross H E" brand on the left side as the property of his wife; there also being some evidence to the effect that he

claimed the same brand on the right side as his own brand. The state further showed that the defendant was seen driving two animals upon several occasions, and that he was also seen to throw one of the animals, and to be working with it, and that a short distance from the place where he was thus seen the animal was on the following day found dead, with the brands cut out of the hide and with the branded side of the animal turned to the ground. The state further showed that the defendant was seen driving the other animal, and that within a few hours thereafter it also was found dead, with the brands cut out and the branded side turned toward the ground. Numerous assignments of error are presented, raising, however, but few questions, which will be considered in the order raised.

## OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above.) [1] Several assignments of error are predicated upon the admission of testimony to the effect that the defendant had claimed a brand, that of "Cross H E," on the left side, as the property of his wife, because it is contended that under the laws of the state of New Mexico a brand cannot be properly proven by hearsay testimony, but may only be proven by the original brand certificate, or certified copy thereof. Appellant relies upon section 118, Codification of 1915, which is as follows:

"No brands, except such as are recorded under the provisions of this article shall be recognized in law as evidence of ownership of the horses, mules, asses, or neat cattle upon which such brand may be used."

It is contended by appellant that the state sought to prove ownership of the defendant in the cattle by proving that appellant owned the brand designated "Cross H E" on the right side. In this connection appellant clearly misconceives the object of the state in the introduction of the evidence in question. There might be merit in his contention had the state sought thus to prove ownership in him. The state, however, introduced the evidence in question, because the state by its indictment and evidence in the case clearly contended that the ownership of the cattle

was in South Springs Ranch & Cattle Co. The evidence as to the claim of ownership of the brand in question by the defendant goes simply to the identity of the cattle, and connects the defendant up with the two animals, with the larceny with which he is charged. It has been held in many cases that in the prosecution for larceny of live stock, testimony as to certain brands on the cattle alleged to have been stolen, and without proof that the brands have been recorded, as·required by statute, was admissible to establish the identity of the cattle. Brooke v. People, 23 Colo. 375, 48 Pac. 502; Chavez v. Territory, 6 N. M. 455, 30 Pac. 903. In this latter case, the territorial Supreme Court, in interpreting an earlier provision of the statute of New Mexico, in substance and effect the same as section 118, said:

"This section simply provides that, where a brand is relied upon to prove ownership, it is not proper evidence for that purpose unless it is recorded."

This court in the case of Territory v. Harrington, 17 N. M. 62, 121 Pac. 613, held that the brand law does not require that ownership must be proven by the brand alone, but it may be proven by flesh marks or other proper evidence as if no brand law existed. See, also Territory v. Valles, 15 N. M. 228, 103 Pac. 984, where the territorial Supreme Court said:

"It is not to be presumed that the brand was offered for the sole purpose of proving ownership, whether it was offered to prove ownership or not is immaterial, being competent evidence to aid the prosecution in establishing identity of the animal stolen, it was admissible," citing Gale & Farr, v. Salas, 11 N. M. 211, 220, 66 Pac. 520.

The next point relied upon by appellant is that the court erred while the witness Lena Mardis was on the stand in overruling defendant's motion to strike from the record, and to instruct the jury to disregard, the answer made by said witness that Will Crosby claimed the "Cross H E" brand on the left side as the brand of his wife, because it appeared that Will Crosby had never in fact told the witness anything of the kind, for which reason it is contended

that the statement of the witness that Will Crosby claimed anything in respect to the brand in question was based upon hearsay. The witness was asked:

"When did Will Crosby tell you that he claimed the brand as his wife's brand?"

The answer to this question was:

"Will never did tell me."

Immediately, upon the answer above quoted, counsel for the defendant moved to strike the testimony of the witness wherein she stated that Will Crosby claimed that this brand, "Cross H E" on the left side, was the property of his wife, on the ground that it had developed from the testimony of the witness that Will Crosby never told her any such thing, and it was therefore clearly hearsay. In this connection, however, appellant clearly overlooks the fact that the answer does not indicate that the testimony of the witness was necessarily hearsay, because it is possible that the witness may have heard the defendant make the statement to others. In other words, counsel should have pursued their investigation further, and clearly developed the fact that the information of the witness was based upon hearsay. This court should not presume such to be the fact in the light of the record as it now appears.

[2] The one remaining point is not seriously urged by appellant. It predicates error upon the overruling of appellant's motion for a directed verdict upon the ground that the state failed to prove that the defendant had any brand, or claimed any brand, at the time of the alleged larceny of the cattle, and a number of other grounds set out in the motion, charging an alleged failure of proof to support the verdict. These grounds are also urged in support of the motion for a new trial upon the ground that the verdict of the jury was contrary to the evidence, by which is doubtless meant that the verdict is not supported by the evidence. As pointed out heretofore in this opinion, the record discloses that the defendant exercised control over the animals he is charged with stealing, that he killed them and removed the part of the hide containing the brands,

that he was seen to drive off one of the cows, and in other respects to exercise control over the animals. It is needless to discuss the evidence as a whole, but after an examination of the record it cannot be doubted that there is substantial evidence to support the verdict in this case. The rule in this connection is well stated in the case of the State v. Ancheta, 20 N. M. 19, 145 Pac. 1086, in the following language:

"Where there is substantial evidence to support a verdict, the appellate court will not disturb it."

For the reasons stated we find no error in the record and the judgment of the trial court is therefore affirmed, and it is so ordered.

PARKER and ROBERTS, JJ., concur.

### SYLLABUS BY THE COURT.