State v. Riddle, 23 N. M., 600

OPINION OF THE COURT.

(No. 2039.  January 14, 1918.)

STATE v. RIDDLE.

SYLLABUS BY THE COURT.

1.  Where there is substantial evidence to support a verdict, the same will not be disturbed on appeal.        P. 602

2.  Where acts of accused, other than the one for which he is being tried, form an inseparable part of the whole deed or transaction, or where such acts are concomitant parts of

State v. Riddle, 23 N. M., 600

the criminal act, evidence thereof is admissible, although it proves or tends to prove the commission of another crime.

P. 603

3. The admission or exclusion of evidence not strictly in rebuttal is discretionary with the court, and will be reviewed only to determine whether the court abused its discretion.

P. 604

Appeal from District Court, Guadalupe County, Leahy, Judge.

Thomas A. Riddle was convicted of the larceny of neat cattle, and he appeals. Affirmed.

K. W. Edwards, of Fort Sumner, and E. R. Wright, and J. J. Kenney, of Santa Fe, of counsel, for appellant.

Evidence is insufficient to sustain verdict. Terr. v. Valles, 15 N. M. 228; State v. Griggs, 20 N. M.

Prejudicial impression remained notwithstanding withdrawal of erroneous testimony. 38 Cyc. 1443.

George C. Taylor, Assistant Tttorney General for the State.

It has been uniformly held in this jurisdiction that a verdict will not be set aside when it is supported by substantial evidence. State v. Roberts, 18 N. M. 480, 138 Pac. 208; Territory v. Trapp, 16 N. M. 700, 120 Pac. 702; Territory v. Clark, 13 N. M. 59, 79 Pac. 708; Territory v. Eaton, 13 N. M. 79, 79 Pac. 713; Territory v. Hicks, 6 N. M. 596, 30 Pac. 872; Territory v. Barrett, 8 N. M. 70, 42 Pac. 66

Withdrawal of erroneous evidence does not constitute error. Crowley v. Burns Boiler, etc., Co., 100 Minn. 178, 110, N. W. 969; Mueller v. Weitz, 56 Mo. App. 36.

If the error in the reception of the evidence is corrected immediately after the same is received, and before the case had been argued to the jury, it is harmless." 38 Cyc. 1444. See Batchelder v. Batchelder, 2

Allen (Mass.) 105; Selkirk v. Cobb, 13 Gray (Mass.) 614; Travis v. Barger, 24 Barb. (N. Y.) 614; Brown v. Cowell, 12 Johnson (N. Y.) 384; Miller v. Miller, 4 Pa S.t. 317; Unangst v. Kraemer, 8 Watts & Sergeant, (Pa.) 391; Smyth v. Caswell, 67 Tex. 567; 4 S. W. 848; Beggs v. Chicago, etc., R. R. Co., 75 Wis. 444, 44 N. W. 633; Richards v. Noyes, 44 Wis. 609; People v. Turner, 118 Cal. 324, 50 Pac. 537; People v. Barney, 114 Cal. 534, 47 Pac. 41; Madden v. State, 148 Ind 1.83, 47 N. E. 320; State v. Laycock, 141 Mo. 274, 42 S. W. 723; State v. Duestrow, 137 Mo. 44, 38 S. W. 554.

## OPINION OF THE COURT.

PARKER, J.   The appellant, Thomas A. Riddle, was convicted of larceny of neat cattle in the district court for Guadalupe county.   From the sentence imposed upon him he has perfected this appeal.

[1]   The appellant first contends that the verdict is not supported by substantial evidence.   He argues that there is no proof of a felonious taking, and that the state made but a prima facie case, which was completely explained by the appellant.   We do not intend to set forth the evidence of the state, nor of the appellant, in this opinion. It is sufficient to say that the state proved facts sufficient to support the verdict, and, as the jury having found appellant guilty as charged in the indictment we shall not disturb that verdict. It is true, as appellant contends, that we reversed the case of State v. Griggs, 20 N. M. 466, 150 Pac. 921, on account of the insufficiency of the evidence to support the verdict, but that is not a precedent in this case, because the facts are dissimilar.   The appellant here was charged with taking, stealing, and knowingly driving away and selling two heifers of the property of Louis Haight.   The heifers were inclosed in a fenced pasture, and subsequently found in the possession of one who purchased them from the appellant, after the appellant was apprised of the fact that Haight claimed the property as his own.   Appellant's defense was that the heifers were part of a herd purchased by him from the First National Bank of Santa

Rosa. The proof on this score was conflicting. The jury were the judges of these facts, and, having resolved them against the appellant and there being ample evidence upon which the verdict may be sustained, it will not be disturbed on appeal, a doctrine too often announced by us to require citation of authority.

[2] Over the objection of the appellant the state was permitted to introduce proof tending to show that the heifer which had been stolen from H. B. Dobbins was found on the Durfee ranch with other cattle which had been sold to John L. Sturr by the appellant at the same time he had sold the two heifers in question to Sturr. The state contended at the trial that this evidence was admissible because the sale to Sturr of the Dobbins heifer was a part of the transaction of the sale of the heifers in question. It was admitted on the theory that both facts constituted but one transaction. Subsequently the testimony developed that the Dobbins heifer was not "missed" until about the time the Haight heifers were discovered in the possession of Sturr, and the court thereupon sustained the motion of appellant to strike out all testimony concerning the Dobbins heifer. Appellant argues that ordinarily the error in admitting evidence is cured by its subsequent withdrawal from the jury, but that an exception to the rule is made by some courts where the evidence erroneously admitted in the first instance is of such a character that its subsequent withdrawal still leaves its impression on the minds of the jury. He then argues that the prejudicial impression gained by the jury from the erroneous admission of this evidence was not erased from the minds of the jury by its subsequent withdrawal.

The foundation of appellant's argument is that the evidence was erroneously admitted in the first instance. We are satisfied that it was not. The error was in striking it out and withdrawing it from the jury's consideration. Appellant was charged, not only with having taken and stolen the property, but having also knowingly sold the heifers. Proof of the fact

that the appellant sold a heifer to John L. Sturr of the property of Dobbins, at the same time he sold the two heifers to Sturr of the property of Haight, was clearly admissible because the sale of the three heifers constituted but one transaction. State v. Graves, 21 N. M. 556, 564, 157 Pac. 160. It is true that proof of the discovery of the Dobbins heifer on the Durfee ranch in and of itself does not prove the sale of the Dobbins heifer, but there is proof in the record showing that appellant sold three heifers to Sturr at one time, and that one of these was the Dobbins heifer. The evidence being admissible in the first instance the point made by appellant is without foundation to support it.

[3] On the cross-examination of appellant he was asked if it was not a fact that he had concealed these cattle in a canyon, and had branded them with a circle P, and that they had broken out of the canyon, and that he was at a designated place at a certain time to ascertain whether the Haight heifers had returned to their owner. Over the objection of appellant's counsel the appellant made answer to the question, but it was not responsive to the question. In the state's rebuttal evidence was introduced tending to show that on September 10, 1915, seven days after Haight discovered that the two heifers claimed by him were not in his herd, the Haight heifers were seen about four miles from the Riddle ranch branded half circle P on the left shoulder. Objection was made to this proof by the appellant on the grounds: (1) That the proof should have been offered in the state's case in chief, which "should have been put in the beginning in order to give the defendant an opportunity to deny that by testimony;" and (2) that the two heifers referred to by the witness are not and could not be the two heifers in question in this case. The witness identified the cattle that he had seen in September as the two Haight heifers, so the last objection made by the appellant need not be considered. The evidence was admitted by the court on the mistaken belief that it rebutted matters testified to by the appellant. Appellant in-

sists that such testimony was improperly admitted, and
that it was highly prejudicial to him. The practice of
branding a maverick in an unknown or unrecorded
.brand, which is so formed as to be easily altered, and
then permitting the animal to run at large on the open
range until all thought of suspicion is past, and then
altering the brand upon the animal to conform to the
brand of the person practicing this form of deception,
is not uncommon in a cattle country, and constitutes
a highly systematic attempt to become possessed of
the property of another. Such evidence is unques-
tionably of high probative value, especially in cases
like this, where the half circle P brand is so similar to
the circle R brand of appellant. That such evidence
tends to prejudice the appellant is also unquestioned,
but the question is whether the trial court erred in ad-
mitting it. It was not proper evidence in rebuttal, but
should have been offered by the state in its case in
chief. The order of proof, however, is largely discre-
tionary with the trial court, and when no injury re-
sults, the party cannot complain. In 1 Thompson on
Trials, 354, it is said:

"The admission or exclusion of evidence not strictly in
rebuttal is discretionary with the court, and not reviewable
except where grossly abused."

See, also, Chamberlayne on Evd. par. 367, and 12
Cyc. 557. In Lacey v. Woodward, 5 N. M. 583, 587,
25 Pac. 785, 786, the court said:

"The rule is thus laid down by the Supreme Court of the
United States in the Philadelphia & Trenton Railroad Co. v.
James Stimpson, 14 Pet. 448 (10 L. Ed. 535): 'The mode of
conducting trials, the order of introducing evidence, and the
times when it is to be introduced, are matters properly be-
longing to the practice of circuit courts, with which the
Supreme Court ought not to interfere.' The district courts
possess this discretion as fully as other judicial tribunals."

No injury resulted to appellant on account of the
admission of this evidence out of order. He produced
a witness in surrebuttal, who testified that he had
also seen these two heifers about September 10, 1915,
and that they were branded circle R, not half circle

P. Thus appellant was in no way prevented by the court from meeting fully the issues of fact tendered by the state in rebuttal.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

### SYLLABUS BY THE COURT.