Sandoval v. Chavez, 27 N. M. 70.

---

[No. 2483.   Feb. 25, 1921.]

## SANDOVAL v. CHAVEZ.

### SYLLABUS BY THE COURT.

In a suit for an injunction to restrain trespass upon real estate and to recover damages for prior trespass, the action was predicated upon alleged compliance with the provisions of section 39, Code 1915, relative to marking the boundary of unfenced land and giving notice. The trial court found that the boundaries of the land of plaintiff had not been carefully and conspicuously marked, and that a willful trespass had not been proven. **Held,** that the findings were supported by substantial evidence.

Sandoval v. Chavez, 27 N. M. 70.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by Isidro Sandoval against Gabriel Chavez. Judgment for defendant, and plaintiff appeals. Affirmed.

Lawrence F. Lee, of Albuquerque, for appellant.

Rodey & Rodey, of Albuquerque, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.   Appellant filed this action in the court below against appellee to restrain him from pasturing his sheep upon lands owned by the appellant in Tp. 10, R. 2 W., and one section of land in Tp. 9, R. 3 W.   The complaint alleged that the appellant was the owner of all the odd-numbered sections of land in the township first named, having purchased the same from the Santa Fe railroad Company, and set forth facts to show that appellant had carefully and conspicuously marked the line or lines of the land, so that such mark could be easily seen by persons handling droves and flocks and herds of animals, and that he had served personal written notice, giving a description of such land by government surveys upon the appellee, warning him against trespass on such lands.   Damages for the depasturing of the lands theretofore by appellee were sought.   Appellee denied that the lands had been marked as required by said section 39, denied any willful trespass, and claimed the right to pasture the government lands in such township.   Upon issue joined the case was heard by the court, and there was evidence introduced by appellant which would have warranted the relief sought, both as to the marking of the boundaries of appellant's land and as to the damages sustained.   Appellee introduced evidence to show that the lands of the appellant had not been plainly and conspicuously marked and to rebut the willfullness of the trespass.   At the conclusion of the evidence upon the trial, appellee asked that the judge go out with the attorneys and per-

sonally view the land and the marking lines of appellant's land. Appellant interposed no objection to the personal inspection by the judge. The judge did, in company with the attorneys on either side, visit the township in question, inspected the lands in question, and later made findings of fact, the sixth and seventh findings being as follows:

"(6)   That the lands of the plaintiff, Isidro Sandoval, as set out in these findings of fact, and set forth in the complaint, were not in fact on the 5th day of November, 1918, or at the time set forth in the complaint, or at any other time material to the issues in this cause, carefully and conspicuously marked as to the lines of said lands, nor in any such manner that the marks or marking of said lands could be easily seen by the herders of the defendant or by persons handling the sheep of the defendant, but that, on the contrary, the court further finds that the plaintiff did not conspicuously mark the boundaries of his lands so that those in charge of animals for the defendant would be able to know where the lines were.

"(7)   That in fact the plaintiff has failed to sustain the allegations of his complaint as to the careful and conspicuous marking thereof, and likewise the allegations thereof that the defendant or his agents knowingly, willfully, and maliciously trespassed on said lands, and, on the contrary, finds that those in charge of the flocks of the defendant could not and did not in fact know where the lines of plaintiff's lands were, so as to prevent trespassing thereon by animals under their charge in the exercise of the defendant's right to a right of way over the sections held by plaintiff in private ownership, and the court finds that neither the defendant nor his agents intentionally trespassed on plaintiff's lands."

Judgment was entered for the appellee, to review which this appeal is prosecuted.

Appellant assigns numerous errors, but in his brief asserts that there are only two questions for the consideration of this court: (1) Did and has appellee, Gabriel Chavez, the right to drive and pasture his sheep upon and over the lands of Isidro Sandoval; and (2) if Gabriel Chavez did not have such right, what is the measure of damages to which Isidro Sandoval is entitled? The answer to the first question depends upon the facts shown by the evi-

dence. This court held in the case of Gutierrez v. Montosa Sheep Co., 25 N. Mex. 540, 185 Pac. 273, that a party could recover damages for willful trespass upon his lands, notwithstanding the fact that they were neither fenced nor the boundaries thereof marked, where the evidence showed that the offending party knew the boundaries of the complaining party's land, and willfully and purposely drove his flocks upon it and depastured it. We also held in the case of Jastro v. Francis, 24 N. M. 127, 172 Pac. 1139, that a complaining party was not entitled to an injunction to restrain trespass upon odd-numbered sections in a given township, the even-numbered sections being government land, where he did not mark the boundaries of his land as required by section 39, Code 1915. In this case appellant attempted to show compliance with this section, the material portion of which reads as follows:

"Any person, persons, company or corporation who may claim the benefits of the protection of this section, shall carefully and conspicuously mark the line or lines of his or its lands, so that such mark may be easily seen by persons handling such droves, flocks or herds of animals, and shall post a notice upon such land conspicuously, warning against trespassing thereon; or shall serve personal written notice giving description of such land by government surveys or by metes and bounds."

Appellant's testimony, and that of his witnesses, was to the effect that he had placed from five to six posts to the mile along the line in a substantial manner, the posts on two sides being hewn off and the letter S put on the side next his land and the section number put on the government side, and that these posts could be easily and plainly seen, so that herders would know when they were entering upon his sections. There was evidence on the part of the appellee to the effect that the posts could not be seen because of the conditions of the country and the growth of small timber, and that the country in places was very hilly. The court, as stated, viewed the country in question and found that the lines had

not been plainly and conspicuously marked. The question as to whether in any case the court can view the premises in litigation over objection is not involved in this case, because the appellant acquiesced in the view. Nor is it material as to whether the trial judge was entitled to treat the knowledge gained by the view as independent evidence and to make his findings accordingly, as held in some of the cases (Hatton v. Gregg, 4 Cal. App. 537, 88 Pac. 592; Brown v. Colo., etc., Development Co., 47 Colo. 294, 107 Pac. 258; Weiant v. Rockland Lake Trap Co., 61 App. Div. 383, 70 N. Y. Supp. 713; Id., 174 N. Y. 509, 66 N. E. 1118), or that the impressions in such a case are not evidence, but only to be used by the court in applying the evidence adduced upon the trial, as held by some of the courts. See the cases cited in note to section 889, Thompson on Trials. For, in either view of the law, the finding made by the trial court as to the marking of the boundaries of appellant's land is sustainable. Appellant attempts to argue that there was no substantial evidence adduced upon the trial showing that the lines had not been plainly and conspicuously marked, but this contention is not supported by the record before us. As to the willfulness of the trespass, the same is also true.

If we are correct in the foregoing, the second question becomes wholly immaterial.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.