[No. 2537. June 24, 1921.]

# STATE v. CURRY et al.

## SYLLABUS BY THE COURT.

1. Appellants were prosecuted for the unlawful purchase of four head of sheep from one not the owner of the sheep. The indictment charged the purchase to have been made on the 13th day of January, 1920. The state put in evidence the fact that some time in December prior thereto one of the appellants had exacted one head of sheep from the party from whom the later purchase was made as damage for trespass; that such appellant stated at the time that he would not exact the sheep, but for the fact that the sheep belonged to Bond & Weist, the parties alleged in the indictment to be the owners. Appellants contend that by putting in evidence of the prior transaction there was an election by the state, and that transaction is the one upon which it should seek a conviction. This evidence was introduced for the purpose of proving knowledge on the part of appellant of lack of ownership of the sheep in the party from whom they later purchased, and by so doing there was no election.
P. 208

2. Where evidence of ownership depends solely upon the brand upon an animal, ownership may be established only by the introduction of the record brand, or a certified copy of the same; but ownership of an animal may be established by flesh marks, or other proper evidence of ownership, as if no brand law existed.                                   P. 209

3. It is within the discretion of the court as to whether or not it will exclude witnesses from the courtroom during the trial, and the court has the right to permit such witness or witnesses as it deems necessary to sit with either side during the trial for consultation and advice.        P. 210

4. It is the duty of the trial court to see that counsel and witnesses are required to sit at such distance from members of the jury that the jurors cannot overhear remarks between counsel or counsel and others; but where an appellant complains that counsel for the state was permitted to sit so near the jury that such remarks could be overheard, but upon objection the court states he knows that the jurors have not overheard such remarks, the statement of the court is controlling, and must be accepted as true.        P. 210

5. Where a trial court, during the conduct of the trial, makes an objectionable statement in the presence of the jury, but later instructs the jury that they are not to be influenced in making up their verdict by any remark made by the court

but are to decide the case solely upon the evidence adduced upon the trial, if there is error in the remark it is cured by the admonition.                                           P. 211

6. The admission or exclusion of evidence not strictly in rebuttal is a matter resting within the discretion of the trial court, the exercise of which discretion is not subject to review except in cases of gross abuse.                    P. 211

7. Where the trial court directs a view by the jury, a party to the trial not objecting to the view will not be heard to raise the objection in the appellate court that the view should not have been permitted.                         P. 212

Appeal from District Court, Guadalupe County; H. J. Leahy, Judge.

Jack Curry and Doc Curry were convicted of unlawfully purchasing sheep from one known to have no right to sell, and they appeal. Affirmed.

C. G. Hedgcock, of Las Vegas, and Martin R. Baker, of Santa Rosa, for appellants.

H. S. Bowman, Attorney General, and A. M. Edwards, Assistant Attorney General, for the State.

OPINION OF THE COURT.

ROBERTS, C. J. Appellants, Jack Curry and Doc Curry, were indicted in the district court of Guadalupe county at its April, 1920, term, under an indictment charging them jointly with larceny in the first count, and in the second with the unlawful purchase of four head of sheep, the property of Bond & Weist, a corporation, from one Prudencio Maestas, on the 13th day of January, 1920, they knowing that said Maestas had no right to sell the same. The defense moved at the opening of the case for an election by the state as to which count it would proceed under. The motion was overruled but at the close of the state's case in chief, on motion of defendants, the state elected to proceed on the second count. From a conviction on this count, and judgment and sentence of the court thereon, defendants prosecute this appeal.

On the 27th day of December, 1919, Maestas, with a herd of about 600 sheep, the ownership of which

was divided between Bond & Weist and Joseph Holbrook, passed through Jack Curry's place with such herd on the way to Bull Canyon, a new pasture to which they were driving the sheep. Curry demanded of Maestas that he give him 1 head of sheep for the trespass occasioned by the sheep in crossing his pasture. The sheep was delivered to Curry by Manuel Garcia, the foreman of the herd. Jack Curry stated to Garcia at the time, so Garcia testified, that if the sheep had belonged to any one other tnan Bond & Weist he would not have demanded pay for the trespass. There was evidence that the herder had notified the owner of this transaction, and it was ratified. On January 9, 1920, Maestas claimed to have had another conversation with Jack Curry, in which Curry stated that he wanted to buy some sheep, offering to trade a cow for 10 head. This was denied by the defendants. Maestas testified that he agreed to sell Jack Curry 5 head of sheep at $25 and these 5 head were delivered to Jack Curry on the 10th day of January, 1920. Maestas further testified that he sold Jack Curry 3 head of sheep for $3, which were delivered on the 13th of January. The defendant, Doc Curry, had no conversation with Maestas about buying the sheep, and did not appear in evidence until the 13th of January. On that date the two appellants came to Prudencio Maestas, at which time Jack Curry paid him $28, including a check for $5, which Doc Curry signed, and Jack Curry took a bill of sale from Maestas for 8 head of sheep, witnessed by A. N. Merrel and C. E. Merrel. The Merrels testified to the giving of the bill of sale. Maestas denied the giving of the bill of sale, and claimed that he said he had no right to sell the sheep. Later Maestas confessed to Holbrook, owner of some of the sheep, and he delivered the money to him, or offered to deliver it. The sheep were found in the possession of Jack Curry. Doc Curry admitted that he placed the earmark of Jack Curry on 5 of the 8 head, and also their paint mark

on the 8 sheep, but denied clipping the wool or removing the old paint mark. The additional facts will be stated as occasion requires in discussing the errors relied upon.

[1] The first point made by the appellants is that the state, having introduced evidence as to the transaction on the 27th of December, 1919, thereby elected that transaction as the one upon which it would seek a conviction. There might be some merit in this contention if such evidence had been put in solely for the purpose of showing a crime committed on that date, but this evidence was competent for the purpose of showing that appellants knew that the sheep in question did not belong to Maestas, for it was testified on that occasion Jack Curry stated that he would not have exacted the 1 head of sheep for the trespass except for the fact that the sheep belonged to Bond & Weist. This was an important item of evidence for the purpose of showing knowledge of lack of ownership in Maestas at the time of the subsequent purchase of the 8 head of sheep, and by putting in such evidence for that purpose, there was no election; besides, the evidence showed that that transaction was ratified by the owner, and the facts did not make out a crime. The transactions from January 10th to 13th were but a continuous negotiation, and constituted but one crime. Consequently, it follows that there was no merit in this contention.

It is argued that Maestas was an accomplice, and that his testimony was not corroborated as to the guilty knowledge of defendants' lack of authority to dispose of the sheep. The state argues that Maestas was not an accomplice, but this question becomes wholly immaterial, because there was ample corroborating evidence to sustain a conviction. Manuel Garcia, as stated, testified that appellant, Jack Curry, said that he would not exact the 1 head of sheep in payment of the trespass committed by

the herd if the sheep did not belong to Bond & Weist, thereby clearly showing that Jack Curry had knowledge of the lack of ownership in Maestas of the sheep in question; and there was ample corroboration of the larceny or purchase of the sheep, as they were found in the possession of the appellant, Jack Curry, and in addition there was the check given, which was used in part payment. All this afforded substantial corroboration, and the contention urged by appellant is without merit.

[2] It is contended that the ownership of the sheep, charged in the indictment as the property of Bond & Weist, was not proven. Maestas testified that the sheep he was herding, and which he sold to Jack Curry, were sheep belonging to Bond & Weist. Joe Holbrook, another witness for the state, testified that the sheep in the herd belonged to Bond & Weist, together with some sheep owned by him; that he assisted in recovering the eight head from Jack Curry and identified four of the sheep as the property of Bond & Weist. There was no attempt to prove ownership by recorded brand, and the indentification was made by the witnesses without reference to the brand. Proof of ownership was amply sufficient to sustain a conviction. No objection was interposed as to the method of proving ownership, nor attempt on the part of the appellants by cross-examination to establish upon what method of identification the state's witnesses relied in making up their judgment as to identity. The testimony was positive, and presumably from personal knowledge. Where evidence of ownership depends solely upon the brand upon an animal, ownership may be established only by introducing the recorded brand, or a certified copy of the same; but the brand law does not require that ownership must be proved by the brand alone, but it may be established by flesh marks, or other proper evidence of ownership, as if no brand law existed. State v. Crosby, 23 N. M. 461, 169 Pac. 303, and cases cited.

Next, counsel for appellants urge that by the trial court's conduct and remarks before the jury appellants were prejudiced. The chief objection to the conduct of the court seems to be based upon three circumstances occurring upon the trial as follows: (1) Permitting the witness Holbrook, for the state, to be present at the trial; (2) permitting the same witness to sit in close proximity to the jury; and (3) permitting certain conversations between counsel for the state and this witness to take place in such close proximity of the jury that the same might have been overheard by members of the panel.

[3] As to the first objection, it is sufficient to say that it is within the discretion of the court as to whether or not it will exclude witnesses from the courtroom during the trial and the court has the right to permit such witness or witnesses as it deems necessary to sit with either side during the trial for consultation and advice. Jones on Evidence, vol. 5, § 807; 16 C. J. 841 and 842. There was no abuse of the court's discretion in this case.

[4] As to the remaining points made under this head, the record discloses the following facts: Counsel for appellants objected to Joe Holbrook, a witness for the state, sitting so close to the jury, stating his objection to be that the witness was sitting within a foot and a half of one of the jurors, and he had certain papers on the table in front of him which could be seen by the jury, and had certain conversations with counsel for the state which could be heard by the jurors. The court said that he knew no conversation had occurred which any of the jurors could hear, and that the papers on the table in front of the witness were exhibits which had been introduced in the case. The statement by the court is, of course, controlling, and must be accepted as true. Consequently, there was no prejudicial error in this regard. It is, of course, the duty of the court to see that counsel and witnesses are required to sit at

such distance from members of the jury that the jurors cannot overhear remarks between counsel, or counsel and others.

[5]   Objection is made to a remark made by the court to counsel for appellants at the trial, that such remarks "are uncalled for, and are not becoming to any attorney of record in this court." The court, however,· instructed the jury that they were not to be influenced by any remark made by the court, and were to decide the case solely upon the evidence adduced upon the trial; and if there was error in the remark it was cured by the admonition.

In rebuttal the court permitted the state to put in evidence as exhibits the 4 head of sheep belonging to Bond & Weist recovered from appellant, Jack Curry. The sheep were brought to the rear door of the courthouse in an automobile, and upon request of the state, and without objection on the part of appellants, save upon the ground that it was not proper rebuttal testimony, the jury was permitted to view the sheep, in the presence of the judge, counsel on each side, the court reporter, and the clerk. Two objections are made to this proceeding here:

(1)   That such evidence was not proper rebuttal. This question was thoroughly considered by this court in the case of State v. Carabajal, 26 N. M. 384, 193 Pac. 406, and it was held that—

The "trial judge has the power in his sound judicial discretion to vary the order of proof, and his action is not reviewable, except for gross abuse of discretion."

[6]   And in the case of State v. Riddle, 23 N. M. 600, 170 Pac. 62, this court quoted with approval from 1 Thompson on Trials, 354, as follows:

"The admission or exclusion of evidence not strictly in rebuttal is a matter resting in the discretion of the trial court; the exercise of which discretion is not subject to review except in cases of gross abuse."

[7]    The second contention advanced is that the · trial court committed error in permitting the jury to retire to the back door of the courthouse, under the circumstances stated, and view the sheep, and in permitting a witness to be questioned there as to said sheep.    This objection is not available to appellants, however, because not made in the trial court; and, besides, counsel for appellants participated in the examination of such witnesses.    This case is not unlike that of Sandoval v. Chavez, 27 N. M. 70, 196 Pac. 322, in which the trial court viewed the premises at the request of one party, and without objection by the other.    We there held that the nonobjecting party had acquiesced in the view of the premises, and could not here raise the question as to the court's power to do so. It has been so frequently decided by this court that objections not made in the trial court will not be considered on appeal that the citation of authority on the proposition is unnecessary.

Finding no error in the record, the judgment will be affirmed; and it is so ordered.

PARKER and RAYNOLDS, JJ., concur.