## STATE v. WOOTEN.

### SYLLABUS BY THE COURT

(1) A verdict which is supported by substantial evidence will not be disturbed on appeal.        P. 399

(2) Ruling, actions and remarks of the trial court, to which no objections or exceptions are taken, cannot be reviewed on appeal.        P. 400

(3) The admission or exclusion of evidence cannot be reviewed on appeal, unless proper objections thereto are made upon the trial of the cause.        P. 400

(4) Evidence which tends to contradict that given by the defendant is properly admitted in rebuttal.        P. 401

(5) Repeated objections of counsel, by which it is sought to present to the jury the personal views and beliefs of such counsel, are not subject to review on appeal, where no proper objections or exceptions thereto were made to the trial court.        P. 402

(6) Instructions given by the court to the jury, to which neither objections nor exceptions are tendered in the court below, are not subject to review on appeal.        P. 402

Appeal from District Court, Lea County; Brice, Judge.

William Jordan Wooten was convicted of murder in the second degree, and he appeals.   Affirmed.

E. de P. Bujac, of Carlsbad, for appellant.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the state.

## OPINION OF THE COURT

BRATTON, J.   Appellant was tried in the district court of Lea county, upon an indictment charging him with the murder of Walter Norwood.   He was found guilty of murder in the second degree and sentenced to serve a term of not less than nine nor more than ten years in the penitentiary.   From such conviction and sentence, he has perfected this appeal.

[1] Appellant first urges upon us for a reversal of the case that the verdict is not supported by substantial evidence.   With this contention we do not agree. There is evidence in the record that the appellant and the deceased had been unfriendly for more than a year prior to the homicide; that each of them had made threats concerning the other; that on the morning of the day of homicide appellant, with one Thad Pipkin, went to the home of the deceased; that the purpose of such trip was for said Pipkin to inspect some cattle; that immediately upon their arrival there the deceased ordered them off his premises, with directions that they not come thereon again; that appellant then stated he would stay there as long as he desired, whereupon deceased procured a shotgun, and appellant then hurriedly left with the statement that he would return.   That afternoon appellant told the said Pipkin that he was going back to the home of the deceased to ascertain the cause of the trouble; that he armed himself with a Winchester rifle and went to the home of the deceased, and there shot and killed him; that when appellant approached the home of the deceased he rode down

a draw, there tied his horse, and advanced along said draw in a stooping position with something in his right hand which he held down by his right side; that the deceased, seeing the appellant advancing upon his home armed himself with a shotgun and pistol, left his house and went out near his corrals and was there found dead. There is evidence with regard to certain tracks found on the premises, which, if believed by the jury, would indicate that appellant attacked the deceased, that the deceased retreated and was in said affray killed. Appellant sharply controverted many of these issues, but these were questions to be determined by the jury, and which were determined adversely to him. Appellant urges that the evidence upon behalf of the state, if believed, would render him guilty of voluntary manslaughter instead of murder in the second degree. Indeed, if appellant was ordered by the deceased to leave his premises and not come thereon again, that he armed himself and went back to the home of the deceased to renew the difficulty and there did renew the same, and during such difficulty killed the deceased, he would be guilty of murder and not of manslaughter. There being substantial evidence in the record to support the verdict, under the now familiar rule it will not be disturbed on appeal. State v. Whitner, 25 N. M. 20, 175 Pac. 807; State v. Jaramillo, 25 N. M. 228, 180 Pac. 286; State v. Wilson, 25 N. M. 439, 184 Pac. 531.

[2] While Thad Pipkin, who was a witness for the appellant, was on the stand, and during his cross-examination, and while sustaining an objection made by counsel for appellant, the court, referring to said witness, remarked: "He wasn't an officer," upon which appellant now predicates error. It is sufficient to say that appellant neither objected nor excepted to such remark at the time, and did not otherwise present the matter to the trial court, and hence he cannot now be heard in this court to complain thereof.

[3] The next error complained of relates to the tes-

timony given in rebuttal by the witness W. E. Bradford concerning a certain twig near the place where the body of the deceased had been found, which in his opinion, had been cut by a bullet. The first argument presented in this connection is that said witness had not shown himself to be sufficiently qualified to give expert testimony concerning such matter. This contention cannot be sustained as the record discloses that no such objection was made in the trial court. It has been frequently held by that court that objections to evidence not made upon the trial will not be considered on appeal. State v. Starr, 24 N. M. 180 173 Pac. 674; State v. Lindsey, 26 N. M. 527, 194 Pac. 877; State v. Douthett, 26 N. M. 533, 194 Pac. 879; State v. Curry, 27 N. M. 205, 199 Pac. 367.

[4] The second objection to such testimony is that it was not proper rebuttal evidence and should have been offered by the state in its case in chief. This cannot be sustained. Appellant testified that during the entire difficulty he fired only one shot, and that he was at that time standing on the porch of the house of the deceased. The evidence now complained of tended to show that appellant fired more than one shot and that he stood at a different place altogether from that to which he testified as it tended to show that he stood at or near a certain tank which was by a corral owned by the deceased. Obviously it was proper rebuttal evidence, as it tended to contradict the evidence of appellant upon material matters, and there is no merit in either assignment.

What we have said here disposes of the error assigned with regard to the testimony of the witness B. A. Nymeyer, a surveyor who made a map and plat of the premises surrounding the scene of the homicide. This was introduced as a part of the state's rebuttal evidence, and it pertained, in part, to the cut twig and tended to show that the shot which cut the same was fired from near the tank, and not from the porch of the house. Other objections are assigned with respect

to such testimony of said witness, but they were not made in the court below and hence cannot be considered by us. State v. Rodriguez, 23 N. M. 156, 167 Pac. 426, L. R. A. 1918A, 1016. Furthermore, it is within the discretion of the trial judge to admit as a part of the rebuttal proof of facts as well as circumstances which may not be by strict construction rebuttal and which should or might have been submitted as a part of the case in chief. An abuse of such discretion will constitute reversible error. No such abuse of this discretion is here shown. State v. Riddle, 23 N. M. 600, 170 Pac. 62; State v. Hunt, 26 N. M. 160, 189 Pac. 1111.

The fourth error assigned is that at various times during the trial, the court, by certain rulings, actions, remarks, and manifestations perjudiced appellant by indicating to the jury that, in his opinion, appellant was guilty. We have examined the record concerning each of such rulings and remarks, and find that no objection nor exception upon this ground was made or taken. The assignment, therefore, cannot be sustained.

[5] The fifth error presented for our consideration is that, by repeated objections made by special counsel for the state, it was sought to present to the jury, under the guise of objections, the personal views and beliefs of said counsel, that such objections were not warranted by the evidence, and that the trial court erred by its failure to admonish counsel to refrain from further repeating said objections. What we have said disposes of this subject, as neither of these grounds were embraced within the objections made during the trial.

[6] The last contention of the appellant is that the court erred in giving to the jury instruction number 15, the correctness of which is for many reasons assailed. An examination of the record discloses that no objections nor exceptions were taken to such in-

struction at any time during the trial, and these matters were not brought to the attention of the trial court. It has been uniformly held by this court that instructions to which no objection or exception is taken in the court below cannot be reviewed an appeal. State v. Lucero, 17 N. M. 484, 131 Pac. 491; State v. Klasner, 19 N. M. 479, 145 Pac. 679, Ann. Cas. 1917D, 824; State v. Johnson. 21 N. M. 432, 155 Pac. 721; State v. Orfanakis, 22 N. M. 107, 159 Pac. 674; State v. Starr, supra; State v. Whitener, 25 N. M. 20, 175 Pac. 870; State v. Parks, 25 N. M. 395, 183 Pac, 433; State v. Carpio, 27 N. M. 265, 199 Pac. 1012, 18 A. L. R. 914.

There being no reversible error in the record, the judgment will be affirmed, and it is so ordered.

BOTTS, J., and HOLLOMAN, District Judge, concur.