**72 P.(2d) 9**

**STATE v. STONE.**

**No. 4258.**

Supreme Court of New Mexico.

Aug. 24, 1937.

Rehearing Denied Oct. 18, 1937.

O. P. Easterwood, of Clayton, for appellant.

Frank H. Patton, Atty. Gen., and Fred J. Federici, Asst. Atty. Gen., for the State.

ZINN, Justice.

The prosecution in this case was based upon an information alleging that the defendant (appellant here) did unlawfully and knowingly sell one head of neat cattle of the property of Mrs. L. McLaughlin. Mrs. McLaughlin testified that she owned one bob-tailed white-faced cow branded three links; that the three-link brand was her registered and recorded brand; that the cow disappeared from her place; and that at no time had she either sold the cow or given permission to sell said cow. In 1934, the government was buying cattle. The defendant sold four head of cattle to the government. One of the cows sold to the government by the defendant was the cow that had disappeared from the McLaughlin place and was the cow of Mrs. McLaughlin. Of this fact, there is no dispute.

The record shows that the cow herein involved bore the three-link brand of Mrs. McLaughlin and that this brand had been burned over by a running W brand. This burning over is what is known in the cowman's parlance, as a "burnt" or blotched brand.

The record shows that the selling of the McLaughlin cow was knowingly and unlawfully done by the defendant. This is borne out by two plain facts. At the same time the defendant sold the McLaughlin cow he also sold another cow, known as the Leyba cow, which cow was the property of Gregorio Leyba. The defendant knew this cow belonged to Leyba because the defendant had not long prior thereto sold it to Leyba. When first questioned by Leyba, the defendant denied that he had sold the Leyba cow to the government, and, subsequently, when Leyba identified the cow as his own, the defendant agreed to pay for the cow and did pay Leyba the sum of $22.50 for said cow. The only explanation the defendant could give was by first denying that he ever sold said cow to Leyba, and then later explaining that the reason he paid Leyba the $22.50

was because he and Leyba were friends and he did not want to have any trouble over it. In connection with the McLaughlin cow, he also offered to give her a calf and settle with Mrs. McLaughlin, if she would obtain for him a certain purported bill of sale relating to this cow and also a piece of hide of the same cow bearing the burnt running W brand over the three-link brand, which bill of sale and piece of hide were then in the possession of Ivan Shoemaker, a state cattle and brand inspector. This clearly was an attempt on the part of the defendant to destroy incriminating evidence.

The defendant's only defense was that he purchased the McLaughlin cow from one H. C. Williams, a trapper. To substantiate this, the defendant offered in evidence a purported bill of sale which he contended dealt with the McLaughlin cow. There is evidence in the record that this bill of sale was not a bill of sale to the McLaughlin cow, that the brands on the bill of sale and the brands on the piece of hide did not correspond. The defendant is the only witness that testified as to the actual execution of the bill of sale in question. The bill of sale purported to have been acknowledged before a notary public. The alleged notary public, George Larkin, did not testify nor did the purported vendor, H. C. Williams, testify. There is some testimony to the effect that Williams was dead.

The defendant depends on numerous assignments of error for a reversal of this cause. The principal claim of error, toward which defendant has directed several different assignments, has to do with proof of the fact that as a part of the same transaction by which the McLaughlin cow was disposed of to the government, the defendant also sold another cow, the property of one Gregorio Leyba, as hereinabove recited. The defendant objected to all testimony regarding the Leyba cow, as having no connection with the charge of unlawfully disposing of the McLaughlin cow on which the prosecution alone was based, and as tending to show commission by him of a separate and independent offense, all to his prejudice. The general rule excluding testimony of other crimes, to which there are well-recognized exceptions, is urged upon us here in support of this claim of error.

The sale of the McLaughlin cow and the Leyba cow, together with two other head of cattle sold to the government, occurred at the same time. The evidence relating to the sale of the Leyba cow may have tended to show that the defendant was guilty of another crime, yet the sale of the Leyba cow was a part of the same transaction which resulted in the sale of the McLaughlin cow. It often happens that two distinct offenses are so inseparably connected that the proof of one necessarily involves proving the other. In such a case, on a prosecution for the commission of one crime, evidence proving it cannot be excluded because such evidence also proves the commission of the

other. 16 C.J. 588; State v. Riddle, 23 N.M. 600, 170 P. 62; State v. Graves, 21 N.M. 556, 157 P. 160. This case is very similar to the case of State v. Riddle, supra. The opinion of Mr. Justice Parker in that case is sound law and applicable here. We see no need of repeating here what this court said through Mr. Justice Parker, except that the law as therein enunciated is clearly in point here.

■ Another objection urged below and made the basis of a claim of error here relates to the qualifications of certain witnesses who testified what the brands were on the cows. Such testimony required no expert witnesses. The witnesses testifying had been in the cow business for many years and were competent to testify respecting the brands.

Error is assigned upon the trial court's admission over objection of a printed brand book purportedly from the office of the cattle sanitary board. The basis of the objection was that it was not certified, sealed, or otherwise authenticated as the book which it purported to be and was hearsay evidence so far as defendant was concerned. The purpose of offering the brand book, State's Exhibit 7, rendered obvious by the pages thereof, 25 to 27, to which the jury's attention was alone directed, was to show that the "C running W" brand, which had been burned over the recorded brand of the prosecuting witness, Mrs. McLaughlin, on the cow alleged to have been unlawfully sold by defendant as his own property, was not a rec-

orded and registered brand. Proof of her ownership of said cow had been furnished both by introduction of a duly certified copy of her brand found on the cow from the office of the cattle sanitary board as well as by independent testimony. For purpose of ruling on this point, we may concede defendant's objection to the printed brand book was well taken and should have been sustained. But this does not settle the matter. The witness who produced and identified the brand book was brand inspector for Union county and had been for more than a year. He had been inspecting brands for a period of twenty years. Over the unsustained objection of immateriality, which was not well taken, the State put in evidence through this witness the same fact for which the brand book was offered, viz., the nonexistence of the "C running W" as a registered or recorded brand.

■■ An accused may not complain at the admission over objection of evidence or testimony which he later lets in without objection or, the equivalent thereof, an improper objection. Even if it be conceded that materiality of the questioned testimony does not readily suggest itself, at least, its admission lay within the trial court's discretion.

Assignment of error No. 13 is without merit. This refers to another cow claimed by Gregorio Leyba, and a cow that the evidence shows throughout the record was bought from a man by the name of Graves, and was run by the defendant for several

years. This cow was not connected with the McLaughlin cow in any way. However, the only objection made by defendant to this evidence was sustained by the court.

■ Two other assignments of error relate to evidence admitted by the court which the defendant claims was prejudicial. This was testimony by a witness, Ivan Shoemaker, the brand inspector, who testified that a certain brand was on various other cattle that had no connection whatever with either the McLaughlin or Leyba cows. He also testified that he and defendant had had some trouble at Mount Dora, and that the brand about which he was testifying was on the right side of some cattle that the defendant had at Mount Dora. The defendant testified that the brand was on the left side. Assuming that all this testimony was immaterial, it was first injected into the case by the defendant, and the State offered Shoemaker's testimony in rebuttal. This is not error.

■ The next assignment of error claimed by the defendant is with reference to the effect that the evidence shows the theft of the McLaughlin cow occurred at a time more than three years prior to the time the information was returned, during the March, 1935 term of court. The defendant is not charged with the crime of stealing the cow. The information charges that the defendant unlawfully sold the McLaughlin cow in 1934. The evidence is undisputed that the sale took place on September 17, 1934. This was within three years from the time the offense charged was committed. Comp.St.1929, § 83-125. The information was timely filed.

■ The defendant also claims that there is no substantial evidence to support the verdict of the jury and the sentence of the court. We have examined the record. There is substantial evidence in the record to support the verdict of the jury and sentence of the court. Other claims of error are presented, but, after considering same, we find them to have no merit.

For the reasons given, the judgment and sentence of the court will be sustained.

It is so ordered.

HUDSPETH, C.J., and SADLER and BICKLEY, JJ., concur.

BRICE, Justice (dissenting).

The district court erred in admitting in evidence over appellant's objection the printed brand book, mentioned in the majority opinion. I do not agree that it was error for the witness Shoemaker to testify that he had been inspector of brands for a period of twenty years and that he had never seen the C running W brand on any livestock. This evidence was admissible to show that such brand was used to conceal a "sleeper," as is customary with cow thieves.

The majority seems to hold that, because no objection was made by appellant to perfectly proper testimony, he waived

error in the admission of clearly improper testimony tending to prove the same fact. I am unable to agree to this.

We stated, through Mr. Justice Parker, in State v. Riddle, 23 N.M. 600, 170 P. 62, 63:

"The practice of branding a maverick in an unknown or unrecorded brand, which is so formed as to be easily altered, and then permitting the animal to run at large on the open range until all thought of suspicion is past, and then altering the brand upon the animal to conform to the brand of the person practicing this form of deception, is not uncommon in a cattle country, and constitutes a highly systematic attempt to become possessed of the property of another. Such evidence is unquestionably of high probative value, especially in cases like this, where the half circle P brand is so similar to the circle R brand of appellant. That such evidence tends to prejudice the appellant is also unquestioned, but the question is whether the trial court erred in admitting it."

The evidence was highly prejudicial. The jury might not have believed Shoemaker's testimony, or doubted that it established the fact attempted to be proved, to wit, that there was no C running W brand recorded. But the brand book was conclusive evidence that there was no such recorded brand in the State of New Mexico as the C running W, and that, therefore, it was used in this instance by a cow thief to hide his handiwork. The case should be reversed.